[Civ. No. 4796.  First Appellate District, Division One.—June 10, 1924.]

FIDELITY AND CASUALTY COMPANY OF NEW YORK, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—WEIGHT OF EVIDENCE—FINDINGS —CERTIORARI.—On *certiorari* to review an order or award of the Industrial Accident Commission, it is not the province of the appellate court to weigh the evidence and decide whether in its opinion the finding of the Commission accords with the preponderance thereof; and if there is evidence to sustain such finding the action of the Commission will not be reviewed.

[2] ID.—INJURY TO LINEMAN—EVIDENCE—FINDINGS.—In this proceeding in *certiorari* to review an order and award of the Industrial Accident Commission, based upon a finding of permanent disability due to injury to the kidneys and back of the applicant when his hand came in contact with the wet surface of a power pole which he was engaged in painting, as a result of which he received an electric shock which caused him to release his hold on the pole

1. Right and extent of review of findings of Industrial Accident Commission, notes, Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647; L. R. A. 1917D, 186. See, also, 28 R. C. L. 827.

and to remain suspended in the air supported by his lineman's belt, the appellate court could not say that the evidence did not support the finding of the Commission.

[3] ID.—SEPARATE ALLOWANCES—DOUBLE AWARD.—The proportion of the award based upon the painful condition of the applicant's back did not constitute a double award because of the fact that such condition arose from the kidney, the diseased condition of which had already furnished the basis for compensation, where the allowance for the kidney condition was for a condition of the kidneys accompanied by pain.

(1) Workmen's Compensation Acts, **C. J.**, p. 122, sec. 127. (2) Workmen's Compensation Acts, **C. J.**, p. 123, sec. 127 (Anno.). (3) Workmen's Compensation Acts, **C. J.**, p. 117, sec. 115 (Anno.).

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Chickering & Gregory for Petitioner.

Warren H. Pillsbury for Respondents.

TYLER, P. J.—*Certiorari* for the purpose of reviewing the proceedings of respondent Industrial Accident Commission and its order therein by which on June 29, 1923, it made an award against petitioner and in favor of respondent James F. Fulmer of compensation in the sum of $5,436.63 for a partial permanent disability suffered by said Fulmer as the result of an injury received in the course of his employment.

It appears from the record that the respondent Fulmer on or about the eighth day of March, 1920, was employed by H. W. Jacobs as an electrical lineman, and the Fidelity and Casualty Company of New York was the insurance carrier of the employer. Fulmer was at that time thirty-two years of age and received weekly wages of $38.50. On said date he was working upon a certain power pole engaged in painting it. He was near the top of the pole supported by his lineman's belt. As he was about to descend the pole his right hand came in contact with the wet surface thereof and he received an electric shock. He did not fall from the pole, being supported by his belt. He remained supported

in this manner for approximately one hour, when he was lowered from the pole still unconscious. As the result of the shock he sustained burns on his left hand and right foot. He was removed to a hospital and was under the care and treatment of Dr. Jackson Temple. While in the hospital some kidney trouble developed accompanied by pain in the lower region of the back. The burn on the hand necessitated the amputation of the middle minor finger at the proximal joint. The petitioner, as the insurance carrier of Fulmer's employer, paid the medical and hospital expenses and certain compensation to Fulmer, who, on December 27, 1920, not being in accord with petitioner as to the total amount to be paid him, filed an application with the Industrial Accident Commission requesting that it fix such amount.

Thereafter hearings were had and on March 30, 1921, the Commission made and filed an award in favor of the applicant, in which it found that he had "sustained a permanent disability consisting of the loss of the minor (left) middle finger at the proximal joint, and limited flexion of the index, ring and little fingers, which for applicant's occupation and age, 32 years, is equal to 16½ per cent of total disability, entitling him to a weekly payment of $20.83 for 66 weeks, and amounting to the total sum of $1374.78." The Commission further found that the injury suffered by the applicant "also caused a certain disability to the back which is only partially disabling and which it is not possible to fix as permanent at this time."

On January 16, 1923, respondent Fulmer filed with the Commission an application for a further award based upon permanent disability arising from injury to his back. Hearings were duly had upon said application, and reports of physicians who had examined the applicant filed, and on June 29, 1923, the Commission made and filed an order amending its previous findings and award, and by which it found that in addition to the injuries upon which its first award was based the applicant had sustained in said accident additional injuries consisting of spasm of the lumbar muscles causing a painful condition, and permanent disease of the kidneys; and it increased the rating for permanent disability to 65¼ per cent, thereby entitling the applicant to weekly payments of $20.83 aggregating the sum of $5,436.63.

Thereafter the petitioner applied to the Commission for a rehearing upon the ground (1) that the evidence did not justify the findings of fact and award, and (2) newly discovered evidence, such evidence consisting of reports of three physicians after a new examination of the applicant, together with laboratory and pathological reports. This petition for rehearing was by the Commission denied on September 6, 1923.

On November 14, 1923, the petitioner made application to the Commission for an alteration of its award of June 29, 1923, based upon an alleged improvement in the applicant's condition in that there was no longer any ascertainable or discernible injury to the back of the applicant, and filed in support of its application certain medical reports, one of Dr. Nolan based upon an examination made by him on October 17, 1923, and one by Dr. Harbaugh, assistant medical director of the Commission, based upon an examination of the applicant subsequent to the making of the Commission's award and a review of the history of the case. On December 27, 1923, the Commission denied this application, holding that the evidence tendered was not sufficient to establish that there had been any change in the applicant's condition from and after September 6, 1923, the date of the order denying the petitioner's petition for a rehearing. On January 9, 1924, the petitioner applied to the Commission for a rehearing of this last-mentioned application upon the ground that the evidence was not sufficient to justify the Commission's order in that behalf, and this application was also denied.

In support of its petition for a writ of review the petitioner contends that there is no evidence in the record of the proceedings before the Commission to sustain the finding of that body that Fulmer suffered any injury to his kidneys by reason of the electric shock, that the evidence does not show any actual injury to his back, and that in any event the applicant should not have been granted a permanent disability rating for both his back and the condition of his kidneys since, if the subjective symptoms of pain in the applicant's back are actually existent, it is probable that they arose from the kidneys and not from any anatomical or muscular impairment in the back itself.

[1] It is, of course, not the province of this court to weigh the evidence and decide whether in its opinion the finding of the Commission accords with the preponderance thereof. If there is evidence to sustain such finding the action of the Commission will not be reviewed. [2] Dr. Jackson Temple, who attended the applicant immediately after his injury, testifies to an injury to the applicant's kidneys which he attributed to the effects of the accident; and Dr. Gibbons, medical director of the Commission, in his report upon the case, and referring to the fact that three hours after the accident the symptom of hematuria was observed in the patient, declares that that circumstance is good presumptive evidence that damage to the kidney occurred. With this evidence in the record we cannot say that the Commission was not justified in considering the kidney condition as an important element in fixing the amount of the award, and its rating department did in fact base a certain percentage of permanent disability upon this condition. But the evidence also shows that kidney or Bright's disease is not usually painful; and we think it apparent that where it is accomplished by pain of sufficient severity or frequent occurrence as to interfere with the applicant's ability to pursue his calling it becomes a factor in estimating the amount of the award.

In this connection the .applicant testified that before the injury he never had pains in his back, but commencing immediately thereafter he has suffered and now suffers from them, that he cannot lean over, that he can stoop but little and that he cannot lift anything, that this pain is right where he wears the lineman's belt, and that since his accident he has not been able to retain employment as a lineman, and has had to give it up and go into the store as a floor man, and that he cannot work on his knees. While repeated examinations of the skeletal and muscular structure of the applicant's back do not disclose any particular cause for this pain, it was the province of the Commission to determine its existence from the evidence, and we cannot say that there is not a sufficient base for that portion of its award which is referable to the condition of pain in the back of applicant.

[3] It is also suggested by the petitioner that the proportion of the award based upon the painful condition of

applicant's back is a double award since if it exists at all it arises from the kidneys, the diseased condition of which has already furnished the basis for the compensation allowed.  But it appears sufficiently from the record that the allowance for the kidney condition was for a condition of the kidneys unaccompanied by pain.  There has not, therefore, been a double allowance for this phase of applicant's disability.

It follows from what we have said that the award of the Commission must stand, and it is so ordered.

Knight, J., and St. Sure, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1924.