[Civ. No. 4894.  First Appellate District, Division One.—June 10, 1924.]

## FIDELITY AND CASUALTY COMPANY OF NEW YORK, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—CHANGE IN CONDITION OF BENEFICIARY—ALTERATION OF AWARD—EVIDENCE—CERTIORARI.—Where the evidence offered by an insurance carrier in support of its application for an alteration of a permanent disability award, based upon an alleged improvement in the condition of the beneficiary, consists of medical reports made after new examinations but such reports are of similar tenor to prior reports already before the Industrial Accident Commission and considered by it in making said award and introduce matter which is cumulative rather than new, and are not therefore sufficient to satisfy the Commission that the alleged change has occurred, its order denying said application is within its jurisdiction, and will not be reviewed on *certiorari.*

---

(1) Workmen's Compensation Acts, C. J., p. 132, sec. 151.

1.  Right and extent of review of findings of Industrial Accident Commission, notes, Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647; L. R. A. 1917D, 186.  See, also, 28 R. C. L. 827.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission denying an application for alteration of an award. Writ discharged.

The facts are stated in the opinion of the court.

Chickering & Gregory for Petitioner.

Warren H. Pillsbury for Respondents.

TYLER, P. J.—*Certiorari* for the purpose of reviewing the proceedings before the Industrial Accident Commission upon the application of the petitioner for the alteration of an award and its order dated December 27, 1923, denying said application.

The facts giving rise to and upon which said award was based are stated in the opinion filed this day by this court in a proceeding bearing the same title as the present and numbered 4796 (*ante*, p. 643 [228 Pac. 346]), and the order to which the present proceeding is addressed is one made by the Commission denying an application made by the petitioner herein for an alteration of said award. Said application set forth as the ground thereof that an improvement had taken place in the condition of the beneficiary of said award. In its order denying the application the Commission found that the evidence was insufficient to establish that there had been any change in such condition. [1] The evidence offered by petitioner in proof of such change in condition consisted of medical reports made after new examinations, but such reports were of similar tenor to prior reports already before the Commission and considered by it in making said award, and introduced matter which was cumulative rather than new, and were not therefore sufficient to satisfy the Commission that the alleged change had occurred. Its order denying said application was thus within its jurisdiction.

We will not, therefore, review this order, and the writ heretofore issued in this behalf is discharged.

Knight, J., and St. Sure, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1924.