[S. F. No. 16474. In Bank.—March 20, 1941.]

FRED CLENDANIEL, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

George B. Harris for Petitioner.

Everett A. Corten, Keith & Creede and Edmond D. Leonard for Respondents.

THE COURT.—This is a proceeding to review an order of the Industrial Accident Commission refusing to reopen its decision denying compensation to the petitioner.

The petitioner was a waiter employed at the Horseshoe Tavern in San Francisco. He worked on the night shift, commencing at 8 o'clock. He suffered a slight puncture or laceration of the thumb, which developed into blood poisoning. He claimed to have sustained the injury on the night of March 31, 1937, by striking his thumb on the end of a protruding nail while washing the top shelf of the salad counter in the tavern. He was confined in a hospital for several weeks. He did not report the alleged industrial injury. Shortly after his discharge from the hospital the insurance carrier of the employer initiated proceedings before the Commission for an adjustment of the claim for compensation. On November 18, 1937, the commission denied compensation on the ground that the employee had failed to establish that his injury arose out of or in the course of his employment. No petition to review the order of denial of compensation was filed and said order became final.

At the time when the petitioner claimed to have suffered the injury a Chinese cook was working in the tavern. On May 10, 1937, the cook left for China and did not return until March 1, 1938. Shortly after his return the petitioner

applied to the commission to re-open the case so that he might avail himself of the cook's testimony to the effect that he had seen the petitioner's injured thumb immediately after the alleged accident and had suggested first aid treatment.

The motion to re-open was made pursuant to section 5803 of the Labor Code (formerly section 20d of the Workmen's Compensation Act). It was made on the ground that the discovery of the return of the Chinese cook from the Orient on March 1, 1938, and of the fact that he would testify as above indicated, constituted good cause for the re-opening of the case in his favor. The matter of the motion to re-open was referred to one referee and was completed before another, who recommended that the motion be denied. The commission concluded that good cause had not been shown and denied the motion. Following the denial of a petition for rehearing the present application was filed.

The commission denied compensation by its order of November 18, 1937, because of discrepancies and inconsistencies in the testimony on behalf of the petitioner and other evidence in conflict therewith, including an inspection of the premises by the referee. (See *Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699, 704 [28 Pac. (2d) 919].)

█ It is contended that the determination of the commission denying the petition to re-open the proceeding was in excess of its jurisdiction and amounted to a deprivation of property without due process of law. It is apparently the view of the petitioner that good cause exists to re-open a proceeding when, within the period of the commission's continuing jurisdiction, the applicant seeks to present newly discovered evidence material to the case. The petitioner has misapprehended the law on the question of when newly discovered evidence may constitute good cause for the re-opening of such proceedings. The petitioner is not entitled as a matter of right to have his case re-opened merely upon his application and the presentation of newly discovered evidence. This court in *Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522, 532 [265 Pac. 195], concluded that the continuing jurisdiction of the commission was not limited to a consideration of changes in the physical condition of the workman; that it included also the right to rescind or alter its awards upon good cause appearing; that what constituted good cause depended largely upon the circumstances of each

case; and that the determination of the commission as to what constituted good cause was entitled to great weight but would not be deemed conclusive. However, the courts are bound by the provisions which are now a part of the Labor Code. Section 5953 thereof states that the findings and conclusions of the commission on questions of fact are conclusive and final and are not subject to review. Although "good cause" is a relative term, nevertheless the courts have uniformly deemed as final a finding and conclusion of the commission to the effect that newly discovered evidence which was merely cumulative was not entitled to sufficient weight or credence to justify a rehearing of an award or the re-opening of a proceeding after final decision. (*Ingram* v. *Department of Industrial Relations,* 208 Cal. 633 [284 Pac. 212]; *Cardoza* v. *Pillsbury,* 169 Cal. 106 [145 Pac. 1015]; *Mantyla* v. *Industrial Acc. Com.,* 130 Cal. App. 139 [19 Pac. (2d) 799]; *Fidelity & Casualty Co.* v. *Industrial Acc. Com.,* 67 Cal. App. 648, 649 [228 Pac. 348].) A situation is not here presented bringing into operation the rule relied on by the petitioner that where there is an entire lack of evidence the finality of the finding or conclusion does not obtain. (See *Market St. Ry. Co.* v. *Industrial Acc. Com.,* 193 Cal. 178 [224 Pac. 95]; *George L. Eastman Co.* v. *Industrial Acc. Com.,* 186 Cal. 587, 598 [200 Pac. 17].)

The petitioner stated in his petition to re-open the case that he did not seek a review of the original order of denial of compensation, "deeming such procedure useless because of the specious conflict in the evidence as to the presence of the protruding nail on March 31, 1937." The evidence in that proceeding was in conflict. It was not a specious conflict, but was substantial.

The record in support of the original order is not before us for review. It is present, however, on the question whether good cause was shown. There is in this record sufficient evidence, independently of the testimony of the Chinese cook, to support a finding or conclusion unfavorable to the petitioner's contention that his injury was sustained as claimed by him. The testimony of the cook and other evidence produced on the hearing to re-open was cumulative. The credibility of the witnesses and the weight of the evidence presented questions for the commission's determination. (*Nielsen* v. *Industrial Acc. Com.,* 220 Cal. 118, 119

[29 Pac. (2d) 852].) This court said in *Ingram* v. *Department of Industrial Relations,* 208 Cal. 633, at page 637 [284 Pac. 212], that the commission's power to re-open the case in the exercise of its continuing jurisdiction, "invoked on the ground of newly discovered evidence, should be exercised with great caution and when fraud, inadvertence, mistake or excusable neglect are clearly shown. Otherwise the process of introducing evidence before the commission would be interminable and the commission might be held to abuse its discretion in the exercise of its power. . . . " The observation made in *Walsh* v. *Industrial Acc. Com.,* 1 Cal. (2d) 747, 748, 749 [36 Pac. (2d) 1072], is applicable here, to the effect that if we should annul the order under review and remand the proceedings to the commission to re-open and hear further testimony relating to the newly discovered evidence, the commission could make the same order and we would then be bound to affirm it. Furthermore, this court has held that before newly discovered evidence may constitute good cause for re-opening a case, there must exist some good ground which rendered the original award inequitable. (*Merritt-Chapman & Scott Corp.* v. *Industrial Acc. Com.,* 6 Cal. (2d) 314 [57 Pac. (2d) 501].) In the case last cited the original order denied certain requested compensation to the applicant. The commission re-opened the case in the exercise of its continuing jurisdiction on the ground of newly discovered evidence and made an additional award. This court annulled the award on the ground that the alleged newly discovered evidence did not constitute "good cause" sufficient to justify the re-opening of the case.

In the light of the foregoing authorities, there is no showing in the present case that the refusal of the commission to re-open the case on consideration of the supposed newly discovered evidence was in excess of its powers.

The award is affirmed.

Petitioner's application for a rehearing was denied April 17, 1941.