DRAPER, P. J.
 

 Was there a showing of “good cause” to reopen a decision of respondent commission almost 41 months after injury and 30 months after the commission denied compensation? That is the question presented here.
 

 Applicant Williams asserts that on July 22, 1958, he sustained a back injury arising out of his employment by petitioner. His application for compensation was filed on March 4, 1959. Following hearings before a referee, the commission on June 9, 1959, issued its “take nothing” award, based upon a finding that applicant “did not sustain any injury arising out of and in the course of his employment as alleged.” The referee’s report stated that “ [t]here is no convincing evidence that the employee sustained any injury as alleged. His testimony is not credible, and it is not believed.” No petition for reconsideration was filed.
 

 On November 8, 1960, the commission wrote to counsel on both sides that applicant had called at the commission office. “As long as he was here, an examination was made by our Medical Bureau.” Copy of the report of the medical director, Dr. Barritt, was furnished with the letter.
 

 On December 15, 1960, almost 29 months after the alleged injury, and 18 months after the take nothing award, applicant filed his petition to reopen. After hearing, another referee found that no good cause was shown and on June 5, 1961, issued his order denying petition to reopen. Williams, in propria persona, then petitioned for reconsideration. The ref
 
 *277
 
 eree found that “the petition is devoid of merit—totally so,” and recommended denial. The commission dismissed the petition because Williams had not served the employer, which the commission referred to as “technical difficulties.” Nonetheless, on its own motion, it granted reconsideration by order dated August 4, 1961. The commission then appointed an independent medical examiner, Dr. Parker. Upon filing of his report, Panel One reported that: the order of June 9, 1959, “was based, in part, on absence of medical findings necessary to support the case as well as the credibility oi the witness”; the independent medical examiner “found that there was medical corroboration of applicant’s claim. Hence a denial of the claim based on the credibility of the witness was founded on an incorrect appraisal of the case.” The resultant order of January 5, 1962, vacated the order of June 9, 1959, denying compensation and the order of June 5, 1961, denying reopening, granted the petition to reopen, and awarded temporary total disability commencing July 23, 1958, “and continuing indefinitely.” This petition followed.
 

 The distinction between reconsideration and reopening must be noted. Reconsideration may be granted only upon petition therefor, filed within 20 days (Lab. Code, §§ 5900, 5903), or, if the commission acts on its own motion, only upon order made within 60 days (Lab. Code, § 5900). Reopening can be granted at any time within five years from date of injury (Lab. Code, § 5804), but only if “good cause” be shown (Lab. Code, § 5803). Here, no petition for reconsideration of the take nothing award of June 9, 1959, was ever filed, and the time therefor expired long ago. Thus the commission’s delayed reversal of the 1959 determination can be justified only as a reopening, and thus requires showing of good cause.
 

 Good cause, in this sense, is not established by newly discovered evidence which is merely cumulative of that upon which the earlier order was based
 
 (Walters
 
 v.
 
 Industrial Acc. Com.,
 
 57 Cal.2d 387, 394 [20 Cal.Rptr. 7, 369 P.2d 703];
 
 Clendaniel
 
 v.
 
 Industrial Acc. Com.,
 
 17 Cal.2d 659, 663 [111 P.2d 314]). Nor does “a mere change of opinion by the commission as to the correctness of its original decision” constitute good cause
 
 (Merritt-Chapman & Scott Corp.
 
 v.
 
 Industrial Acc. Com.,
 
 6 Cal.2d 314, 316 [57 P.2d 501]). Only when there is a showing of some relevant circumstance which was unknown to the commission at the time it made its original award does
 
 *278
 
 good cause for reopening exist
 
 (Pullman Co.
 
 v.
 
 Industrial Acc. Com.,
 
 28 Cal.2d 379, 388 [170 P.2d 10]).
 

 Viewed in the light of these rules, the evidence upon the petition to reopen is insufficient to show good cause. The testimony of applicant did not differ from that he gave in the 1959 hearings. The medical reports of Dr. Barritt and Dr. Parker are the only items now shown which were not before the commission in 1959. Dr. Barritt’s report was based in part upon a myelogram which was introduced in evidence at the 1959 hearings. Both doctors based their conclusion that applicant suffered an industrial injury in July 1958 upon the history which applicant gave them when examined in late 1960 and 1961. This history is but the same recital applicant had given in the 1959 hearings. The referee, examining applicant under oath, did not believe him. The doctors, examining him some 18 months later and not under oath, apparently accepted his statement. These differing appraisals of applicant’s veracity can hardly constitute new, noncumulative evidence. All medical findings upon which the last two doctors acted were before the commission at the 1959 hearings. At most, the reports, of Dr. Barritt and Dr. Parker established that applicant, in late 1960 and in 1961, suffered from a back ailment, which was also present and reported in 1959. Applicant had suffered a back injury in a 1949 truck-street car collision, for which he had received a disability rating. These reports can and do offer no new evidence that this condition resulted from an industrial injury in July 1958. That issue had been determined adversely to applicant upon conflicting evidence covering all the same grounds upon which the commission purported to act in 1961.
 

 In its supplemental memorandum, and more clearly at oral argument, respondent substantially concedes this point by arguing that the 1959 finding was “an erroneous conclusion.” But to view such a situation as good cause flies in the face of the rule that mere change of opinion by the commission does not constitute such cause
 
 (Merritt-Chapman
 
 &
 
 Scott Corp.
 
 v.
 
 Industriad Acc. Com., supra, 6
 
 Cal.2d 314, 316), and ignores the need for some degree of finality in commission proceedings
 
 (id.,
 
 p. 323).
 

 The order of January 5, 1962, is annulled, and the award of June 9,1959, is reinstated.
 

 Salsman, J., and Devine, J., concurred.