Thomas W. NOONAN

v.

Elliott L. RICHARDSON, Secretary Department of Health, Education and Welfare.

Civ. A. No. 71–144.

United States District Court,
W. D. Pennsylvania.

Feb. 21, 1972.

Swope & Swope, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This Complaint has been filed to obtain review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff disability benefits under the Social Security Act, 42 U.S.C. A. § 405(g). The immediate matter before the Court is defendant's Motion for Summary Judgment.

■■ The decision of the Secretary must be affirmed if substantial evidence exists to support the denial of disability benefits. Gentile v. Finch, 423 F.2d 244 (3d Cir. 1970). Substantial evidence exists whenever there is relevant evidence which a reasonable mind can accept as adequately supporting a particular conclusion. Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). See also Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). It is the considered judgment of this Court that substantial evidence to support the determination of the Secretary is not present and thus the defendant's Motion for Summary Judgment should not be grant-

ed. In reaching this conclusion the Court has of course examined the record as a whole. Boyd v. Folsom, 257 F.2d 778 (3d Cir. 1958).

The record reveals that plaintiff previously filed an application for Social Security disability due to silicosis. This application was denied after a decision by a hearing examiner on January 19, 1966; this became the final decision because plaintiff took no further appeals. Thereafter, plaintiff filed a second application on June 4, 1969, alleging disability due to silicosis. This application was denied on the basis of res judicata. It is the denial of benefits under the second application which is presently before the Court.

Plaintiff's contention is that the denial of benefits on the basis of res judicata is erroneous because the hearing examiner failed to consider new evidence bearing on the disability which would have warranted a reopening of the January 19, 1966 decision.

 It is clear that plaintiff must establish the existence of a disabling impairment prior to the date he last met the special insured status requirements on September 30, 1965. Piper v. Richardson, 315 F.Supp. 234 (W.D.Pa.1970). Thus, any new evidence to be relevant must relate to plaintiff's disability before this date and must not have been available to the hearing examiner at the time the first decision was made. Only then would there be "good cause" for reopening a determination previously made. See 20 C.F.R. §§ 404.957–404.958. Otherwise, the action of the defendant in denying disability benefits was properly premised on the doctrine of res judicata. See Domozik v. Cohen, 413 F.2d 5 (3d Cir. 1969) and 20 C.F.R. § 404.937.

It appears from a most careful examination of the record in this case that there was new or additional evidence bearing on plaintiff's disability. In this regard, reference is made to the medical reports of Dr. Richard C. Murray dated August 11, 1969 and December 16, 1970

which indicate the presence of angina pectoris with associated myocardial ischemia, and osteoarthritis. When the hearing examiner's decision was rendered January 19, 1966, these reports were not available. These medical reports indicate a belief that, based on the existence of such conditions, plaintiff would have been disabled during the period of his insured status under the Social Security Act. However, the hearing examiner made no mention of such reports in the decision of June 22, 1970. It does not appear, therefore, whether these reports were taken into account by the examiner or what effect they had. Accordingly, it is the considered judgment of this Court that defendant's Motion for Summary Judgment be denied and that this case be reversed and remanded to the Secretary for a determination of the effect that the above-mentioned reports have on the issue of plaintiff's disability.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.