DAVENPORT COMMUNITY SCHOOL DISTRICT, IN COUNTIES OF SCOTT AND MUSCATINE, State of Iowa, Appellant,

v.

IOWA CIVIL RIGHTS COMMISSION, Appellee.

No. 62162.

Supreme Court of Iowa.

April 25, 1979.

Dana M. Craig of Lane & Waterman, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., and Victoria L. Herring, Asst. Atty. Gen., Civil Rights Division, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.

REES, Justice.

This appeal by the petitioner Davenport Community School District is from the order, judgment and decree of the district court affirming the award by the appellee Iowa Civil Rights Commission of back pay to teachers who had not been paid for absences from employment by the appellant due to pregnancy. We affirm the ruling of the district court.

No factual dispute is presented in this appeal. The initial complainants to the Iowa Civil Rights Commission in this case were six teachers employed by Davenport Community School District, their identities not being material to this opinion. The school district had in effect a policy permitting employees to accrue sick leave from year to year to be used during the tenure of each employee. The school district, however, did not permit female teachers to apply accrued sick leave time against absences from work due to pregnancy or pregnancy related disabilities. The teachers involved in this matter were on temporary pregnancy leaves of varying lengths between December 1974 and April 1975. Each teacher had accumulated sick leave which would have provided income for at least a portion of the absence from employment due to the pregnancy.

In late May and early June, 1975, the teachers commenced these proceedings before the Iowa Civil Rights Commission, alleging the school district's refusal to pay them for their accrued sick leave for their pregnancy related absences was sexually discriminatory in violation of § 601A.6, The Code 1975.

On March 19, 1975 we decided the case of *Cedar Rapids Community School District v. Parr,* 227 N.W.2d 486 (Iowa 1975), in which we held that the denial of disability pay for absences due to pregnancy was sexually discriminatory under § 105A.7, The Code 1971. Said statute appears in the Code of 1977 as § 601A.6.

The hearing officer found in favor of the complainant teachers basing his decision largely on a rule promulgated by the commission in 1972 which proscribed the employment practice of excluding disability caused by pregnancy from a temporary disability plan. The hearing officer also noted the *Parr* decision. After review, the commission adopted the report of the hearing officer.

The school district thereupon petitioned the district court for a review of the commission's ruling pursuant to chapter 17A.19 The Code 1975, and on June 1, 1978, the district court affirmed the decision of the commission, from which ruling the school district appeals pursuant to § 17A.20.

The following issues are presented for our review:

(1) Did the ruling of the Iowa Civil Rights Commission involve a retrospective application of our decision in *Cedar Rapids Community School District v. Parr,* supra?

(2) If the ruling of the Iowa Civil Rights Commission did involve such a retrospective application, did the commission err in so ruling?

I. The school district contends the Civil Rights Commission applied our *Parr* decision retrospectively in granting relief to the teacher-claimants in this case, and that such an application is unjust to the school district and mandates reversal of the district court and of the commission. Because we find the ruling of the commission is based on a properly promulgated rule, and thus did not involve a retrospective application of *Parr,* we affirm the award of the commission and the ruling of the district court affirming the same.

There seems to be no dispute that the proceeding before the commission was a "contested case" within the meaning of § 17A.2(2). The finding of the district court, terming it as such, is not controverted by the parties. The standard for judicial

review of a contested case proceeding has been previously established:

> Our review in a contested case under § 17.20 is not de novo. Our task is to review the record in the manner specified in § 17A.19(7) and make anew the judicial determinations specified in § 17A.19(8). Our review is limited, as the district court's review should have been, to the record made before the hearing officer.

*Community Action Research Group v. Iowa State Commerce Commission,* 275 N.W.2d 217 (1979); *Hoffman v. Iowa Department of Transportation,* 257 N.W.2d 22, 25 (Iowa 1977).

From our evaluation of the record, we conclude that the award by the commission to the claimants was justified by a valid rule which went into effect prior to the pregnancies from which the claims before the commission arose. We therefore find substantial evidence to support the awards.

The Iowa Civil Rights Act, chapter 105A, The Code 1971, was amended by the 65th General Assembly to prohibit sex discrimination in employment.[1] Following the effective date of the amendment; namely, July 1, 1972, and pursuant to the authority delegated to it in § 601A.5(10) and in accord with chapter 17A, the commission promulgated the following rule:

> 4.10(2) Disabilities caused or contributed to by pregnancy, miscarriage, legal abortion, childbirth, and recovery therefrom are, for all job-related purposes, temporary disabilities and should be treated as such under any health or temporary disability insurance or sick leave plan available in connection with employment. Written and unwritten employment policies and practices involving matters such as the commencement and duration of leave, the availability of extensions, the accrual of seniority and other benefits and privileges, reinstatement, and pay-

ment under any health or temporary disability insurance or sick leave plan, formal or informal, shall be applied to disability due to pregnancy or childbirth on the same terms and conditions as they are applied to other temporary disabilities. *See* 240 I.A.C. § 4.10.

■ It is clear the practice engaged in by the petitioner school district in refusing to recognize pregnancy related absences is in contravention of the foregoing rule. The valid rule of an authorized agency has the force and effect of law. *Iowa Department of Revenue v. Iowa Merit Employment Commission,* 243 N.W.2d 610, 615 (Iowa 1976). If the rule is valid, it provides an adequate basis for the commissioner's decision irrespective of our holding in *Parr.*

■ The school district does not challenge the procedure by which the rule in question was adopted, but claims that it is not within the statutory authority of the commission.[2] Section 601A.5(10) of the Code grants the commission authority to "adopt, publish, amend and rescind regulations consistent with and necessary for the enforcement of this chapter." If the rule is not within the scope of the delegation, then it is not enforceable.

The petitioner school district contends that the validity of the rule was not determined until our decision in *Parr,* noting the existence of a substantial division of legal authority regarding the question as to whether such practices are sexually discriminatory employment practices, there being rational arguments supporting contrary positions.

■ In evaluating such a challenge, the burden of proof lies on the person or entity challenging the administrative rule due to the presumption of validity supporting such rules, *Schmitt v. Iowa Department of Social Services,* 263 N.W.2d 739, 745

---

1. The amended section was initially numbered § 601A.7, The Code 1973, and was subsequently renumbered as § 601A.6 by the Code Editor in 1974.

2. This is a permissible ground upon which to challenge agency action. *See* § 17A.19(8)(b).

We have also found such consistency necessary for an administrative regulation to have full effect. *Iowa Department of Revenue v. Iowa Merit Employment Commission,* 203 N.W.2d at 614–615.

(Iowa 1978), and the respect reviewing courts are to pay to the expertise of an administrative tribunal, resulting in a reasonable range of informed discretion, *City of Davenport v. Public Employment Relations Board,* 264 N.W.2d 307, 312–313 (Iowa 1978). In light of these presumptions, we find the rule to be within the statutory authority of the commission and thus enforceable against the school district.

Professor Bonfield, in commenting upon the "beyond the authority delegated to the agency" language of § 17A.4(4)(a), finds these presumptions to result in a "rational agency" standard for review which would allow a finding of ultra vires agency rulemaking only upon a showing of clear and convincing evidence to that effect. Bonfield, *The Iowa Administrative Procedure Act: Background Construction, Applicability, Public Access to Agency Law, The Rulemaking Process,* 60 Iowa Law Review 731, 908–909 (1975). Due to the similarity in language between §§ 17A.4(4)(a) and 17A.19(8)(b), a like construction of the sections should result. We thus conclude that when a "rational" agency could conclude that a rule is within its delegated authority, a reviewing court should not reach a contrary conclusion. This, of course, would not allow an administrative body to act beyond or in contravention of the language of its enabling act, or contrary to legislative intent. *See City of Des Moines v. Public Employment Relations Board,* 264 N.W.2d 324 (Iowa 1978), but would allow the operation of its expert discretion.

Such a standard is similar to our definition of substantial evidence, evidence being substantial when a reasonable mind would accept it as adequate to reach a conclusion. *Grant v. Fritz,* 201 N.W.2d 188, 197 (Iowa 1972). Where, as in the matter before us, there exists rational grounds and judicial authority both for and against an employment practice being sexually discriminatory, and thus violative of § 601A.6, the presumptions in favor of validity and administrative expertise would favor the immediate legal viability of the rule. The fact that this court later reached a similar conclusion in *Parr* serves to re-enforce, rather than create, the validity of the rule. The district court did not err in finding the application of the rule to the claimants in this case does not directly involve the *Parr* decision, due to the independent legal viability of the commission's rule reaching the same conclusion.

The district court found the school district had notice of the content of the rule in question due to its publication. There is no indication in the record that the school district took any measure to prevent or enjoin enforcement of the rule pending decision of the *Parr* case. Absent such action, it is difficult to conclude that the validity of the rule was suspended pending the outcome of *Parr.*

II. Due to our resolution of the first issue, finding no retrospective application of *Parr,* we do not reach the second of the stated issues.

III. Before concluding, we deem it proper to address one point raised by the petitioner school district. The school district expresses its fears a deluge of claims for sick leave money due to past pregnancies will be asserted. We see no basis for such concern due to the 120 day statute of limitation upon claimed violations under § 601A.14(15), amended by the 1978 Session, 67th G.A., ch. 1179, § 19, to become a 180 day period of limitation, effective January 1, 1979.

IV. In summation we hold, as did the district court, that the decision of the Civil Rights Commission in granting relief to the claimant teachers did not involve a retrospective application of the *Parr* decision, but was based on a validly promulgated rule. We therefore affirm the ruling of the district court upholding the decision of the respondent Iowa Civil Rights Commission.

AFFIRMED.