**SUGAR PLUM TREE NURSERY SCHOOL, Appellee,**

v.

**IOWA DEPARTMENT OF JOB SERVICE, Appellant.**

No. 62784.

Supreme Court of Iowa.

Nov. 14, 1979.

**24**

Joseph L. Bervid and Harold D. Keenan, Des Moines, for appellant.

W. Kent Thomson and Alanson K. Elgar, Mount Pleasant, for appellee.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McCORMICK, and McGIVERIN, JJ.

McCORMICK, Justice.

The question here is whether the day care workers of petitioner Sugar Plum Tree Nursery School are employed by a church within section 96.19(7)(a)(6)(a), The Code 1977, which exempts service performed in the employ of a church from the Iowa Employment Security Law. Respondent Iowa Department of Job Service held services for petitioner were covered. Upon petition for judicial review, the district court held the exemption applied and reversed. We affirm the district court.

The Iowa Employment Security Law is Iowa's response to the Federal Unemployment Tax Act, I.R.C. §§ 3301–11. The federal statute imposes on covered employers an excise tax on wages paid but allows a credit against the tax for contributions made by the employer to a state unemployment compensation fund which meets minimum federal standards. Sections 3309(a) and 3304(a)(6) together impose a requirement that the state system must cover service for organizations exempt from federal income tax under I.R.C. § 501(c)(3), but section 3309(b)(1) exempts from this requirement service performed

in the employ of (A) a church or convention or association of churches, or (B) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally

supported by a church or convention or association of churches . . . .

In conformity with this standard the Iowa statute covers service performed for organizations exempt from income tax under I.R.C. § 501(c)(3), but excepts service performed

[i]n the employ of a church or convention or association of churches, or an organization which is operated primarily for religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches.

§ 96.19(7)(a)(6)(a), The Code 1977.

The federal exception was enacted in 1970, and the state exception was enacted in 1971 to bring the Iowa statute into conformity with the federal amendment. See 1971 Sess., 64th G.A., H.F. 704, at 39 (explanation of bill by sponsors); 1971 Sess., 64th G.A., S.F. 546, at 39 (explanation of bill by sponsors). The legislature plainly intended the state exception to have the same meaning as the identical federal exception. See *Stromberg Hatchery v. Iowa Employment Security Commission*, 239 Iowa 1047, 1050, 33 N.W.2d 498, 500–01 (1948) ("[W]e have no guide post except the inevitable assumption that the legislature intended just what Congress intended by the language employed.").

Congressional intent is manifested in the House and Senate reports on the federal bill containing the exception:

[T]he services of the janitor of a church would be excluded, but services of a janitor for a separately incorporated college, although it may be church related, would be covered. A college devoted primarily to preparing students for the ministry would be exempt, as would a novitiate or a house of study training candidates to become members of religious orders. On the other hand, a church related (separately incorporated) charitable organization (such as, for example, an orphanage or home for the aged) would not be considered under this paragraph to be operated primarily for religious purposes.

S.Rep.No.752, 91st Cong., 2d Sess. 48–49 (1970); H.R.Rep.No.612, 91st Cong., 1st Sess. 44 (1969).

In implementing the state exception, the Department adopted regulations which endorse and amplify the statement of Congressional intent:

> The word *"church"* is used in its limited sense and is synonymous with an individual house of worship maintained by a particular congregation. Convention and association refer to formal and informal groups of churches, clergy or laymen, whether of a continuing nature or meeting periodically, whose purpose is primarily concerned with religious and denominational matters of the group or groups represented. Any service by an individual for a church, convention or association of churches is excluded from coverage. However, the exclusion does not apply to service performed for an organization which may be religious in orientation unless it is operated primarily for religious purposes and is operated, supervised, controlled or principally supported by a church (or a convention or association of churches). Thus, the service of the janitor of a church is excluded, but the service of a janitor for a separately incorporated college, although it may be church related, is covered.
>
> Service for a college devoted primarily to the preparation of students for the ministry is exempt, as is service for a novitiate or a house of study, training candidates to become members of religious orders. On the other hand, a church related (separately incorporated) charitable organization (such as an orphanage or a home for the aged) is not considered, under this Act, to be operated primarily for religious purposes.
>
> a. Therefore, if a church operates directly a day care center, and the day care center workers are employees of the church, this law will exempt those workers from coverage.
>
> b. If, however, the day care center is operated by an organization other than a church, convention of churches, or association, and the workers furnishing such day care services are employees of such an organization rather than employees of a church, the day care center will be a covered employer even though the organization is itself operated, supervised, controlled or principally supported by a church. An organization which operates a day care center is not an organization operated for religious purposes.

370 Iowa Admin.Code § 3.27(1)–(2).

The regulations thus expressly recognize that when a church directly operates a day care center and the workers are church employees, the law exempts the workers from coverage. Under the regulations, the exception does not apply if the day care center is operated by an organization other than a church and the employees are employees of that organization.

By its terms, the statutory exception purports to apply in either of two situations. The first is when service is performed in the employ of a church or convention or an association of churches. The second is when service is performed in the employ of an organization which is operated primarily for religious purposes and which is in turn operated, supervised, controlled, or principally supported by a church or convention or association of churches. Petitioner's primary contention is that it comes within the first exemption, but it also argues that if it is held to be an organization separate from a church the second exemption would apply. The Department contends petitioner did not assert it came within the first situation before the agency and, in any event, it comes within neither of them.

We find petitioner asserted the applicability of the exemption on the basis of the first situation from the outset of agency proceedings. It was urged in the request for hearing and before the hearing officer during the hearing. It was repeated in the petition for judicial review. Therefore petitioner preserved error on this contention.

Moreover, we find this contention is determinative. We do not reach the alternative assertion that petitioner would qualify under the second exemption. Consequent-

ly, we do not decide whether the Department is correct in its determination, pursuant to its regulations, that the day care center is not operated primarily for religious purposes.

The controlling issue is whether a church operates the day care center and employs its workers, in which event the statutory exception applies on the first basis. Resolution of this issue requires a determination of the legal effect of the facts in this case which are not themselves in dispute. Both sides accept the facts found by the hearing officer. Therefore this appeal presents an issue of law rather than fact. The Department's view of the law is entitled to weight but does not bind us. see *Ellis v. Iowa Department of Job Service*, 285 N.W.2d 153, (Iowa 1979).

We recognize that the Iowa Employment Security Law was enacted to minimize "the crushing burden of involuntary unemployment" and we construe it liberally to achieve that legislative goal whenever possible. *Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471, 472–73 (Iowa 1973). Nevertheless, we must give effect to exceptions which the legislature has provided. *See DeKalb Agresearch, Inc. v. Iowa Employment Security Commission*, 248 N.W.2d 101 (Iowa 1976). We also accord deference to the agency's construction of the statute manifested in its regulations. *See Davenport Community School District v. Iowa Civil Rights Commission*, 277 N.W.2d 907, 909–10 (Iowa 1979).

We first recite the facts and then our conclusion. The day care center was established in 1966 by the Mount Pleasant Church of the Open Bible, concededly a church within the meaning of the statute. The idea came from the pastor's wife, Donna Potts, who suggested to the Board of Elders that the center be established as a means of raising money to build a new parsonage and meet other church needs. The board decided to call the center the Sugar Plum Tree Nursery School so the public would not think its services were available only to members of the church. It was to be operated weekdays in the church basement, and the board hired Mrs. Potts as its first director. The phone number of the center was the number of the church.

The director organized and ran the center. She hired employees, enrolled children, collected the fees, purchased food, kept the books, and supervised the day-to-day operation of the center.

The church applied for a day care center license, and it was issued and renewed annually in the name "Church of the Open Bible-Sugar Plum Tree Nursery." The articles and bylaws of the church were the governing articles and bylaws of the center, and the church's board of elders was the center's board of directors. The church was listed as sponsor of the center for purposes of participation in a state food service program. The director kept separate books and a center checking account to allow the church board to review the center's income and expenses and to meet auditing requirements of the federal hot lunch program. Federal checks issued in the program named the Church of the Open Bible as payee. The church board of elders specified that all expenditures on behalf of the center of more than $100 required board approval. All net proceeds from the center went to the church and were used by the board for payment of the mortgage on the parsonage and for other church purposes. When Mrs. Potts resigned as director, the church board hired her successor and continued its role in overseeing the director's work. The board governed the center just as it governed other church endeavors. It delegated authority to the director but not to an organization.

In sum, the church did not establish a separate organization or entity to operate the day care center. The use of a different name for the enterprise and the separation of its financial records and accounts do not support a finding that petitioner had an independent identity and status for unemployment tax purposes. We believe the church directly operated the day care center and employed its personnel within the meaning of the Department's regulations, 370 Iowa Admin. Code § 3.27(2)(a). If this

situation does not come within the statutory exception as amplified in the regulations, no church operation of a day care center could fairly come within it.

We conclude Sugar Plum Tree Nursery School is an integral part of the Mount Pleasant Church of the Open Bible and not a separate employer unit for purposes of the Iowa Employment Security Law. The trial court was right in holding that the day care workers of petitioner are in the employ of a church within the meaning of section 96.19(7)(a)(6)(a).

AFFIRMED.

David Hughes, Cascade, for appellant.

William C. Fuerste of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellees Mardorf and Strang.

Dell A. Richard, Iowa City, for appellee Mardorf.

H. F. Reynolds of Reynolds, Kenline, Breitbach, McCarthy, Clemens, McKay & Naughton, Dubuque, for appellees Dahlem and Dolphin.