Melvin TEMPLE, Appellant,

v.

VERMEER MANUFACTURING COMPANY, Liberty Mutual Insurance Company, and Industrial Commission of the State of Iowa, Appellees.

No. 62855.

Supreme Court of Iowa.

Nov. 14, 1979.

Ed Skinner, P.C., and Mary G. Hellweg, Altoona, for appellant.

Dorothy L. Kelley of Jones, Hoffmann & Davison, Des Moines, for appellees Vermeer Manufacturing Company and Liberty Mutual Insurance Company.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, ALLBEE and LARSON, JJ.

REES, Justice.

This is an appeal by Melvin Temple from the denial of his claim for workers' compensation. He contends the Industrial Commissioner (hereinafter commissioner) improperly excluded evidence submitted on appeal which had not been presented in the initial hearing before a deputy commissioner. The commissioner, relying upon an agency rule which requires a showing of "good reason" why such supplemental evidence had not been presented at the initial hearing before it could be considered on appeal, excluded the evidence and denied Temple's claim. The district court affirmed, holding the rule on which the commissioner's decision was based to be valid. We also affirm.

Temple's claim was filed on February 15, 1977. On September 26, 1977, a hearing was held before the deputy commissioner and on October 5, 1977, a decision denying benefits was issued by the deputy commissioner. The deputy commissioner based his conclusion on what he found to be a lack of evidence establishing a causal relationship between the claimant's back injury and an accident at Temple's place of work, Vermeer Manufacturing Company. Temple then sought review of the decision before the industrial commissioner, pursuant to section 86.24, The Code 1977, and requested permission to present additional evidence. At this same time Temple also obtained new counsel.

On March 17, 1978 a hearing was held before the commissioner at which additional evidence was accepted subject to a ruling regarding its admissibility. The commissioner affirmed the ruling of the deputy commissioner, excluding the additional evidence since there was no "good reason" for the evidence not having been introduced at the initial hearing.

A petition for the review of the administrative action was filed in the district court on July 14, 1978. On November 16, 1978 the district court rendered its decision affirming the action of the commissioner, from which the claimant has perfected a timely appeal to this court.

█ I. The claimant raises several issues in this appeal, not all of which were addressed to the district court. The scope of our review of administrative action is limited. We will "make anew" the determinations made by the district court under section 17A.19. *Davenport Community School District v. Iowa Civil Rights Commission*, 277 N.W.2d 907, 909 (Iowa 1979); *Hoffman v. Iowa Department of Transportation*, 257 N.W.2d 22, 25 (Iowa 1977). Consequently, it follows that issues not presented to the district court cannot be presented for determination for the first time before this tribunal.

In his petition to the district court, Temple challenged the decision of the commissioner not to consider the evidence proffered at the second administrative hearing, contending the commissioner acted beyond his statutory authority in so limiting the presentation of additional evidence by rule and abused his discretion in so acting. Our review is limited to the resolution of these issues, which correlate with sections 17A.19(8)(a) and 17A.19(8)(g) and are thus within the scope of our review as delineated by section 86.26.

█ II. Temple initially alleges the rule adopted by the commissioner is in excess of his statutory authority. A rule, to be valid, cannot be inconsistent with either statutory language or legislative intent. *Hiserote Homes, Inc. v. Riedemann*, 277 N.W.2d 911, 913 (Iowa 1979). This rule, 500 I.A.C. § 4.28, requires the commissioner to decide an appeal on the record established before the deputy commissioner unless the commissioner is satisfied that additional evidence is material and that there was good reason for failure to present the additional evidence to the deputy commissioner. We find the rule to be consistent with legislative intent indicated by the statutory authorization for such a limitation contained in section 86.24(3).

As Temple argues, section 86.24 once required only notice to the opposing party or parties as a statutory prerequisite to the submission of additional evidence. *See* § 86.24, The Code, 1977; *Giere v. Aase Haugen Homes, Inc.*, 259 Iowa 1065, 1070, 146 N.W.2d 911, 914 (1966); *Jarman v. Collins-Hill Co.*, 226 Iowa 1247, 1249, 286 N.W. 526, 527–28 (1939). Section 86.24 was amended by the 1977 Session of the 67th G.A., ch. 51, § 14, effective prior to the proceedings in question in this case. The legislature deleted the language referred to above and inserted the following: "In addition to the provisions of section 17A.15, the industrial commissioner, on appeal, may limit the presentation of evidence as provided by rule."

█ The rule as promulgated would seem to be well within the legislative authorization of section 86.24. As noted by the district court, it has the effect of ensuring a

full development of the record before the initial hearing officer, not unlike the standard established in section 17A.19(7) regarding the submission of additional evidence before the district court. *Cedar Valley Leasing, Inc. v. Iowa Department of Revenue,* 274 N.W.2d 357, 362 (Iowa 1979). In addition to the more particular statutory basis for the rule, section 17A.3(1)(b) provides a legislative mandate that every agency establish rules of procedure regarding matters which may come before it. *See* A. Bonfield, *Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, Rulemaking Process,* 60 Iowa L.Rev. 731, 781–85 (1975). We also grant a limited amount of deference to an agency's construction of a statute as evidenced by its regulations. *Sugar Plum Tree Nursery School v. Iowa Department of Job Service,* 285 N.W.2d 23, 26 (Iowa 1979); *Davenport Community School District v. Iowa Civil Rights Commission,* 277 N.W.2d at 909–10. Section 86.24(3) indicates a statutory basis and a legislative intent consistent with the rule in question.

Our earlier cases dealing with section 86.24 prior to its amendment, to the extent that they are inconsistent with the amended statute, can provide no support for Temple's contention. We have in the past made reference to the compensation procedure as one which the legislature designed to administer "rough justice". *See, e. g., Polson v. Meredith Publishing Co.,* 213 N.W.2d 520, 526 (Iowa 1973). At the same time we have found a basic framework of procedural rules essential to the administrative process. *Polson,* 213 N.W.2d at 525; *Hoenig v. Mason & Hanger, Inc.,* 162 N.W.2d 188, 192–93 (Iowa 1968); *Bulman v. Sanitary Farm Dairies,* 247 Iowa 488, 494, 73 N.W.2d 27, 30 (1955). The legislature in its wisdom has seen fit to provide or allow procedural safeguards and requirements both by enacting the Administrative Procedure Act and in amending chapter 86. In light of the statutory basis for the rule promulgated by the commissioner, we find no merit in claimant's challenge.

Support for our holding is found in the analogous federal statute and its administration, which is governed by a regulation most similar to the rule in the case at bar. *See Noonan v. Richardson,* 338 F.Supp. 734, 736 (W.D.Pa.1972). California has applied a like requirement under similar circumstances. *Clendaniel v. Industrial Accident Commission,* 17 Cal.2d 659, 661–63, 111 P.2d 314, 316–17 (1941); *Merritt-Chapman & Scott Corp. v. Industrial Accident Commission,* 6 Cal.2d 314, 323, 57 P.2d 501, 505 (1936).

III. Temple's alternative assignment of error involves an alleged abuse of discretion on the part of the commissioner in not permitting additional evidence on appeal from the proposed decision. Having held that the rule on which the commissioner based the exclusion is not violative of chapter 86, we can but conclude that the commissioner did not abuse his discretion in so limiting the evidence on appeal. It is beyond dispute that the excluded evidence, consisting of testimony of eyewitnesses to the injury and medical depositions, could have been obtained prior to the original hearing. The commissioner found, as a matter of fact, that there had been no showing of good reason for the belated offer of proof. We give the commissioner's findings of fact the same weight we give a jury verdict. *Catalfo v. Firestone Tire and Rubber Co.,* 213 N.W.2d 506, 509 (Iowa 1973). We therefore will not overturn such a finding if it is supported by substantial evidence in the whole record. *Second Injury Fund v. Mich Coal Co.,* 274 N.W.2d 300, 303 (Iowa 1979); § 17A.19(8)(f). Our examination of the record shows an adequate basis for the commissioner's finding. As the exclusion of the evidence was consistent with a valid rule of the commissioner, we hold there was no abuse of discretion.

As we find no reversible infirmity in the proceedings before the commissioner, the judgment of the district court is affirmed.

AFFIRMED.