# IN THE COURT OF APPEALS OF IOWA

No. 18-2017
Filed September 11, 2019

**MICHAEL HECHT,**
        Plaintiff-Appellant,

**vs.**

**HIGHLINE CONSTRUCTION, INC. and WESTERN NATIONAL INSURANCE COMPANY,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


        The claimant appeals from the district court's ruling on judicial review affirming the Workers' Compensation Commissioner's denial of permanency benefits and reversal of an award of penalty benefits.  **AFFIRMED.**


        Randall P. Schueller of Loney & Schueller, LLC, West Des Moines, for appellant.

        Matthew A. Grotnes of Hopkins & Huebner, P.C., Des Moines, for appellees.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Michael Hecht appeals from the district court's ruling on judicial review affirming the Workers' Compensation Commissioner's denial of permanency and penalty benefits. Hecht maintains the commissioner erred when he granted the untimely application of Hecht's former employer, Highline Construction, and the employer's insurer, Western National Mutual Insurance Company, to submit additional evidence. He argues his substantial rights were prejudiced when the commissioner then relied on the late-submitted evidence to modify the deputy commissioner's ruling of 30% industrial disability and the assessment of penalty benefits to an award of no permanency or penalty benefits.

**I. Background Facts and Proceedings.**

Hecht began working for Highline Construction as a mechanic for the company's equipment in April 2013. In August 2014, the air brake system of the equipment on which Hecht was working exploded about six inches from Hecht's right ear. He suffered a workplace injury as a result and underwent treatment at the company's cost. Still, he continued to do the same work for Highline until his position was eliminated in December 2014. After leaving Highline, Hecht immediately began working for Telecom Construction. The job at Telecom was similar to the one he had at Highline; Hecht was hired as a field mechanic and had to travel to fix vehicles.

Eventually, Hecht and Highline disagreed whether Hecht had suffered a permanent impairment that entitled him to permanent partial disability benefits. The matter proceeded to a contested case in front of a deputy commissioner in May 2016. At the hearing, Hecht testified he had recently quit his job at

Telecom—a fact that had not been previously disclosed—because he felt unsafe continuing as an over-the-road mechanic due to the requirement he drive a commercial vehicle. He testified:

> I kind of had a scare driving. I mean it's a big over-the-road truck. It's not a quiet truck. It's not like driving your F-150 through town. You can't see everything. You can't hear anything. I mean you're a commercial driver. You're classified as a professional driver. Last thing you want to do is hurt somebody or kill somebody. Going 70 miles an hour down the road, there's a car there. You can't see them. I drove a car off the road, so it was kind of a wake-up call.

According to Hecht, he had taken a new job as a construction manager, which earned about $25,000 less annually than he earned working for Highline and Telecom.

In the written ruling, the deputy concluded Hecht suffered from hearing loss and tinnitus, which was the cause of 22% partial impairment to the body as a whole and a 30% industrial disability. The deputy ordered Highline to pay Hecht 150 weeks of permanent partial disability benefits at the rate of $820.19 per week and an additional fifteen weeks "as a penalty for unreasonable claims activity."

Highline appealed the deputy's ruling on July 26.

Then, on August 16, twenty-one days later, Highline filed an application to submit three additional exhibits as evidence: exhibits O, P, and Q. Exhibit O is an "employee separation notice" from Telecom that showed Hecht resigned on March 10, 2016 due to "unacceptable performance" and included notes stating Hecht was "letting trailers out of the yard without repairs being made," "[d]oing personal things on the computer during his work day," "sending out work that he is able to do in our shop," and not arriving to work on time. Exhibit P is

information obtained from Iowa Workforce Development, including a statement made by Hecht that he quit his job at Telecom because he was asked to conduct illegal DOT inspections. Additionally, there was information Hecht took a mechanic's job at Baker Concrete and Excavating after leaving Telecom and before starting as a construction manager. Hecht was hired by Baker to be an over-the-road mechanic and quit after he was told the work would be located in the shop. Exhibit Q is Hecht's application to Baker; in it, Hecht stated he had a class "A" commercial driver's license and had not had a motor vehicle accident or moving violation in the past three years.

In making its application to submit additional evidence, Highline relied on Iowa Administrative Code rule 876-4.28, which allows for the submission of additional evidence if "there exists additional material evidence, newly discovered, which could not with reasonable diligence be discovered and produced at the hearing." The rule also states, "A party must file a request for taking additional evidence within 20 days after the notice of appeal was filed."

Hecht resisted the application, arguing it was untimely because the twenty-day deadline expired on August 15.

The deputy commissioner granted Highline's application, finding good cause existed for filing the application late and that the evidence Highline requested to introduce was newly discovered, material, and not previously discovered due to Hecht's failure to properly respond to and supplement interrogatories. Hecht appealed the ruling.

The commissioner issued the final agency ruling in January 2018. The commissioner affirmed the admission of the additional evidence and, relying on

exhibits O, P, and Q, found Hecht was not credible. As a result, the commissioner reversed the deputy commissioner's ruling Hecht had sustained his burden of proving hearing loss and tinnitus as the result of the work injury. The award of 30% industrial disability and penalty benefits were also reversed.

Hecht sought judicial review, and the district court affirmed the commissioner's ruling. He appeals.

## II. Discussion.

Before us on appeal, Hecht challenges the district court's ruling. He claims the commissioner erred in his determination that the twenty-day deadline could be extended upon a showing of good cause; Hecht argues the use of "must" in the rule means the twenty-day deadline is to be strictly construed and does not allow for exception. In the alternative, Hecht asserts that if the deadline can be extended upon a showing of good cause, Highline's reasons for missing the deadline did not meet the good-cause standard.

"The level of deference owed to the workers' compensation commissioner's interpretations will be determined on a case-by-case basis." *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 256 (Iowa 2012). "The level of deference afforded to an agency's interpretations of law depends on whether the authority to interpret that law has 'clearly been vested by a provision of law in the discretion of the agency." *Id.* When the agency has not been vested with the power to interpret a law, we reverse if the agency's interpretation is erroneous. *See id.* (citing Iowa Code § 17A.19(10)(c)). If the agency has been vested with authority, we use a more-deferential standard and "may only disturb the

interpretation if it is 'irrational, illogical, or wholly unjustifiable.'" *Id.* (quoting Iowa Code § 17A.19(10)(*l*)).

Here, Hecht maintains the commissioner has not been vested with the authority to interpret rule 876-4.28 and, therefore, we should not show any deference to the commissioner's interpretation allowing the twenty-day deadline to be extended upon a showing of good cause. *See Eyecare v Dep't of Human Servs.*, 770 N.W.2d 832, 835 (Iowa 2009) ("When an agency has not clearly been vested with the discretion to interpret the pertinent statute, the court gives no deference to the agency's interpretation of the statute."). We need not determine whether the commissioner is vested with the authority to interpret the rule; even if we apply the less-deferential standard we cannot say the commissioner's interpretation was in error. Rule 876-4.28 states:

> The commissioner shall decide an appeal upon the record submitted to the deputy workers' compensation commissioner unless the commissioner is satisfied that there exists additional material evidence, newly discovered, which could not with reasonable diligence be discovered and produced at the hearing. *A party must file a request for taking additional evidence within 20 days after the notice of appeal was filed*.

(Emphasis added.) The use of the word "must" usually conveys a mandatory nature of a rule. *See Iowa Supreme Ct. Disciplinary Bd. v. Attorney Doe No. 819*, 894 N.W.2d 1, 5 (Iowa 2016) (noting the word "shall" is being replaced with the word "must" or "will" because the latter choices "express[] the mandatory nature of the rule"). But rule 876-2.1 expressly allows the commissioner "to modify the time to comply with any rule" "[f]or good cause." And Hecht offers no argument why the commissioner's power to modify deadlines is not applicable to rule 876-4.28.

Hecht also challenges the commissioner's determination that Highline met the good-cause standard to extend the deadline for submitting additional evidence; he argues the commissioner abused his discretion in making the determination. *See* Iowa Code § 17A.19(10)(n); *see also Temple v. Vermeer Mfg. Co.*, 285 N.W.2d 157, 160 (Iowa 1979) (considering whether the commissioner's refusal to permit additional evidence on appeal from the proposed decision was an abuse of discretion). Here, the attorney for Highline indicated she inadvertently missed the deadline because she was out of the office "for a significant amount of time due to the extended illness and then death of her mother. Subsequent to same, another family member was diagnosed with brain cancer. During the same time, the [attorney's] secretary changed." Hecht maintains a change in staff and failure to properly note something on one's calendar cannot constitute good cause or deadlines would become meaningless. We acknowledge that in other instances, we have said "good cause" "must be more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect." *See Thomas v. Fellows*, 456 N.W.2d 170, 172 (Iowa 1990) (citation omitted) (referencing Iowa Code section 668.11, which controls the disclosure of expert witnesses in cases involving licensed professionals). But here, a change in staff and inadvertent mistake were not counsel's only stated reason for missing the deadline. She indicated the late application was also due to the death of her mother and the serious illness of another family member. The death of a close family member can constitute good cause. *See State v. Reifenstahl*, No. 06-0962, 2007 WL 2257328, at *3 (Iowa Ct. App. Aug. 8, 2007) ("[W]e can understand and respect the difficulty one faces in the mourning period

immediately following the death of a close relative.  We agree with the district court this is an exceptional circumstance that justified the trial being continued beyond the speedy trial deadline.").  We cannot say the commissioner abused his discretion in determining the combination of reasons provided by Highline established good cause for the one-day delay.

**III. Conclusion.**

We agree with the district court; the commissioner did not err in determining the twenty-day deadline of rule 876-4.28 could be extended upon a showing of good cause and did not abuse his discretion in finding Highline established good cause for the delay in these circumstances.  We affirm.

**AFFIRMED.**