HOWARD & HARPER, Appellee, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**RAILROADS: Fires—Evidence.** Evidence reviewed, and held to present a jury question on the issue whether a fire had been set out by a railway company in the operation of its train.

**RAILROADS: Fires—"Burden" to Overcome Presumption.** The "obligation" or "duty" of a defendant railway company to meet and overcome the presumption of negligence arising from a showing that a fire was set out by one of its trains may, without reversible error, be referred to and characterized in the instructions as a "*burden*" resting on the defendant.

*Appeal from Davis District Court.*—C. W. VERMILION, Judge.

OCTOBER 16, 1923.

REHEARING DENIED JANUARY 18, 1924.

ACTION to recover damages for the loss of a grain building, which plaintiff claims was set on fire by sparks from a locomotive operated by the defendant. Verdict for plaintiff, and defendant appeals.—*Affirmed.*

*Palmer Trimble, Buell McCash,* and *W. M. Walker,* for appellant.

*Payne & Goodson* and *Howell, Elgin & Howell,* for appellee.

FAVILLE, J.—The Wabash Railroad Company owns and operates a line of railroad extending east and west through the

town of West Grove. The appellant railway company uses this track of the Wabash Railroad Company for the movement of its trains from Moulton to Bloomfield. The depot at West Grove is on the north side of the main track. There is a sidetrack also north of the main track, which starts at a point some distance west of the depot and extends a considerable distance east of the depot. The grain building which was burned was located on the north side of this sidetrack, and was approximately 75 yards east of the depot.

On the afternoon of July 2, 1921, the appellant's train, going from Moulton to Bloomfield, in an easterly direction, arrived at the town of West Grove about four o'clock. It appears from the evidence that, when this train arrived at West Grove, it entered upon the sidetrack northwest of the depot, and remained standing there until a passenger train of the Wabash Railroad Company, which was moving westward, arrived at the station, and passed on its course to the west toward Moulton. After the Wabash train had left, the appellant's train was backed from the sidetrack to the main track, and it then drew up to the station. This train was late at that time. After the usual work at the station had been performed, the train started eastward. It is the contention of the appellee that, as this train so started eastward, the engine was puffing smoke and emitting cinders and sparks, and that the roof of the grain building of the appellee was ignited by sparks from said engine as it passed.

I.   Appellant's first contention is that the court should have directed a verdict in behalf of the appellant. Its contention is that the evidence is insufficient to carry the case to the jury on the question of the claim of appellee that the building was ignited by sparks from the appellant's engine. The appellant urges that the cause of the fire was wholly problematical and conjectural; that it might have been caused by a spark from the engine of the Wabash train, which passed over the same track as appellant's train, a few moments before, and was moving in the opposite direction. There was a large amount of testimony offered with respect to the operation of both trains. There was evidence tending to show that the Wabash train approached the station at West Grove without working steam, and without

1. RAILROADS:
   fires: evidence.

the engine's "puffing or emitting smoke," although the train was going up grade. There was also evidence tending to show that the engine of the Wabash train was equipped with a spark arrester, and that, under the circumstances and the manner in which it was being operated at the time, it would have been difficult, if not practically impossible, for sparks to have been emitted from the engine and to have ignited appellee's building. On the other hand, there was testimony tending to show that the appellant's train left the station at West Grove and passed by appellee's building with the engine puffing violently and emitting smoke and cinders, and that at the time the wind was in the south, blowing from the direction of the train toward the appellee's building. There was also evidence as to the condition of the engine and the spark arrester thereon, and evidence that the wheels of the engine slipped. There was evidence also tending to show that appellee's building was under observation at the time, and that fire and smoke were not seen thereon after the Wabash train had passed, and not until shortly after the appellant's train had gone by. All of the facts and circumstances surrounding the operation of both of the trains and the discovery of the fire were gone into at great length by the parties.

We have examined the evidence with care. It is unnecessary that we review it in detail. It presented a case for the determination of the jury, and the court did not err in refusing to direct a verdict in favor of the appellant. As bearing somewhat on the question, see *Russell v. Chicago, M. & St. P. R. Co.*, 195 Iowa 993.

II. The court gave the jury the following instructions:

"(4) The burden of proof in this case is upon the plaintiff, and before it can recover, it must establish, by the greater weight or preponderance of the evidence, that the fire in question was caused by the escape of sparks or fire from an engine operated by the defendant company or its employees. If it has so shown, then the plaintiff would be entitled to recover, unless the defendant has established by the greater weight or preponderance of the evidence that it was not guilty of negligence in any of the respects alleged in the petition, as hereinbefore set out.

2. RAILROADS: fires: "burden" to overcome presumption.

"(5) If you find by the greater weight or preponderance

of the evidence that the fire in question was caused or set out by the escape of sparks or fire from the engine operated by the defendant, then the presumption arises that the defendant was guilty of negligence in causing said fire, and in order to avoid liability therefor, the burden is upon the defendant to overcome this presumption, and to show by the greater weight or preponderance of the evidence that it was not guilty of negligence in any of the respects alleged in the petition.''

In Instruction No. 9 the court told the jury:

''But if you find by the greater weight or preponderance of the evidence that said fire was caused by the escape of fire or sparks from defendant's engine, then plaintiff would be entitled to recover, unless you find by the greater weight or preponderance of the evidence that the defendant or its employees operating said engine were not guilty of negligence in any of the respects alleged in the petition.''

It is appellant's contention that the court erred in giving Instruction 5, thereby placing the burden of proof upon the appellant to overcome the presumption of negligence, in the event the jury found that the fire was caused by sparks from appellant's engine. Section 2056 of the Code provides as follows:

''Any corporation operating a railway shall be liable for all damages sustained by any person on account of loss of or injury to his property occasioned by fire set out or caused by the operation of such railway. Such damages may be recovered by the party injured in the manner set out in the preceding section, and to the same extent, save as to double damages.''

The preceding section, 2055, provides that for failure to fence a railroad the corporation operating the same shall be liable to the owner of any stock killed or injured by reason of the want of such fence, to the full amount of the damages sustained, ''and to recover the same it shall only be necessary for him to prove the loss of or injury to his property.''

Section 2056 is a recodification of Section 1289 of the Code of 1873. The evident purpose of this statute was to obviate the necessity of the plaintiff's being compelled, in an action of this character, to prove specific acts of negligence on the part

of the railway company. The manner in which a train is operated and the condition of the engine and railway appliances are peculiarly matters within the knowledge and control of the railway company. It is obvious that the purpose of the legislature was to provide that, in an action against a railway company for damages resulting from a fire, it was necessary only for the plaintiff to establish the fact that the fire was set out or caused by the operation of the railroad, and the extent of the resultant damage, to make a prima-facie case of liability. This the appellee did, in the instant case. The appellee offered proof tending to show, and sufficient to take the case to the jury on the question, that the grain building was ignited by sparks from a locomotive operated by the appellant, and proved the amount of the damages resulting from the fire, and rested its case. This made a prima-facie showing of liability on the part of the appellant, or, as has frequently been said, it "created a presumption" that the defendant was negligent in the operation of its engine. This presumption is one that is sometimes referred to as a "statutory presumption." Such statutory presumption took the place of affirmative proof in behalf of the appellee that the appellant was negligent in the operation of its engine. The presumption was available to the appellee, after the proper foundation had been laid, in lieu of affirmative evidence to establish the fact of negligence. If nothing more had occurred in the lawsuit, the appellee would have been entitled to a verdict upon the prima-facie showing made. It therefore rested with the appellant to meet this prima-facie showing made by the appellee. Appellant contends that "the burden of proof did not shift;" that the only "burden" that rested upon the appellant was the "burden of the evidence," and the duty of going forward with its testimony to meet or overcome the prima-facie case made by the appellee. The discussion of "presumptions of law," "presumptions of fact," "statutory presumptions," "burden of proof," and "burden of evidence," may be interesting, but is not always fruitful in results.

In the recent case of *Ohlson v. Sac County F. M. F. Ins. Assn.*, 191 Iowa 479, speaking by Mr. Justice Weaver, we said:

"Counsel on either side have gone deeply into discussion of the law with respect to the force and effect of presumptions

in the trial of an issue of fact. We deem it unnecessary, in this case, to attempt any final answer to this more or less vexed question, upon which some modern law writers and courts have expended (or wasted) a vast amount of learning, without shedding upon it any appreciable degree of light. * * * There are presumptions and presumptions. It has been said that 'presumptions, like probabilities, are of different degrees of strength.' "

Strictly and technically, it is probably true that a so-called "statutory presumption" does not change the burden of proof, but merely determines the right to a verdict if no other evidence is introduced. *Inhabitants of Cohasset v. Moors,* 204 Mass. 173; *Tarbox v. Eastern Steamboat Co.,* 50 Me. 339, 345; *Atkinson v. Goodrich Trans. Co.,* 69 Wis. 5.

In *Gibbs v. Farmers' & Merchants' St. Bank,* 123 Iowa 736, speaking by Mr. Justice Deemer, we said:

"Even when the plaintiff has made out a prima-facie case, the burden of the proof does not shift to the defendant in any proper sense. All that is meant by such an expression is that the other party must go forward with his proofs if he would not have a judgment against him. * * * A presumption is sometimes said to shift the burden of the proof, and in some cases this is true; but, generally speaking, it does not have this effect. It simply assists in making out a prima-facie case, but does not change the burden of the proof. * * * When a prima-facie case is made out, by presumption or otherwise, in order to destroy its effect and shift the burden of producing further evidence the party denying it must produce evidence tending to negative the claim asserted, to a point where, if no more testimony is given, his adversary cannot win by a preponderance of the evidence. * * * It is clearly a misnomer of terms to say that the burden of proof swings like a pendulum from one side to the other, during the progress of a trial. All that is meant is that the duty of introducing evidence to meet a prima-facie case shifts back and forth."

While it is true that the "burden of proof" rests upon him who asserts it, it is also true that, when the party having such burden has made his prima-facie case, the "burden" or "duty" rests upon the opposite party, to go forward with his

proof to meet the prima-facie case so made. It is sometimes said that he has the "burden of the evidence."

We have uniformly held, in cases arising under Section 2055, for injury caused by failure to fence a railway right of way, and also in cases arising under Section 2056, for injuries caused by fire, that the plaintiff made a prima-facie case by proving that the injury complained of resulted from the failure to fence in the one instance, or that the fire originated from the operation of a railroad in the other; and we have frequently declared that, where such prima-facie showing was made, the burden or duty rested upon the railway company to make proof of its freedom from negligence. Such is the effect of our holding in the following cases, involving a failure to fence: *Daily v. Chicago, M. & St. P. R. Co.*, 121 Iowa 254; *Mikesell v. Wabash R. Co.*, 134 Iowa 736; *Harper v. Chicago, R. I. & P. R. Co.*, 161 Iowa 592; *O'Mara v. Newton & N. W. R. Co.*, 140 Iowa 190.

In *Small v. Chicago, R. I. & P. R. Co.*, 50 Iowa 338, decided under the Code of 1873, we said:

"The provision is that a person may recover for injury by fire in the same manner as for injury to stock. The manner of recovering for injury to stock is by showing the injury by the company, and that it occurred by reason of a want of a fence. This makes a prima-facie case of negligence, and the burden is devolved upon the company to show itself free from negligence."

In *Engle v. Chicago, M. & St. P. R. Co.*, 77 Iowa 661, we said:

"When an injury has been occasioned by fire set out in the operation of a railroad, the presumption is that the corporation operating the railroad was guilty of negligence. * * * And, as the presumption of liability arises on proof of the injury, it can be overcome only by proof that the company was not guilty of negligence in the matters which were the immediate cause of the injury."

In *Hemmi v. Chicago G. W. R. Co.*, 102 Iowa 25, we said:

"As to defendant's negligence, we have frequently held that proof of damage by fire is in such cases prima-facie evidence of negligence, and that the railroad company, to avoid liability, must overcome this presumption; and this it can do only

by negativing every fact, the proof of which would justify a finding of negligence on its part.''

In *German Ins. Co. v. Chicago & N. W. R. Co.*, 128 Iowa 386, we approved an instruction to the effect that, if the jury found that the fire was set out by one of defendant's engines, then the presumption arose that defendant was guilty of negligence, and, in order to avoid liability, the burden was on the defendant to overcome this presumption by negativing every fact which would justify a finding of negligence on its part.

In *Stewart v. Iowa Cent. R. Co.*, 136 Iowa 182, we approved the declaration in the *German Ins. Co.* case, and said:

''It follows from this, and manifestly, that the office of the presumption is inadequately, if not incorrectly, expressed, in saying that its effect is simply to change or shift the burden of proof. From the practical viewpoint, the situation does not involve a shifting of the burden of proof. The plaintiff assumes the burden of proving negligence only as he is required to prove the fire, and that it was caused by defendant; whereas, from the beginning, the burden is on the defendant to make affirmative proof that it was in the exercise of due care. * * * As the burden of proving due care was on defendant, this could have been satisfied only by a preponderance of the evidence on the subject.''

This pronouncement was approved by us in *Mitchell v. Phillips Mining Co.*, 181 Iowa 600.

Did the instructions in the case at bar conform to the rules heretofore recognized by this court?

In Instruction No. 4, the court expressly told the jury that the burden of proof in the case rested upon the plaintiff, in the first instance, and that, before it could recover, it must establish, by the greater weight or preponderance of the evidence, that the fire in question was caused by sparks from an engine operated by the defendant company. This was undoubtedly a correct statement of the law. In said instruction, the court then told the jury that, if the plaintiff had so established that the fire was caused in said manner, then it would be entitled to recover, unless the defendant had established, by the greater weight or preponderance of the evidence, that it was not guilty of negligence in any of the respects alleged in the petition. This was a

correct statement of the rule, and in full conformity with our previous declarations in cases of this kind.

In Instruction No. 5, the court placed the burden upon the plaintiff to establish, by the greater weight or preponderance of the evidence, that the fire in question was caused by sparks from the defendant's engine, and instructed the jury that, if the plaintiff had so established said fact by the preponderance of the evidence, then the presumption arose that the defendant was guilty of negligence in causing said fire. This statement was correct.

Complaint, however, is made of the concluding paragraph of said instruction, where the court told the jury that, in order to avoid liability under said presumption, "the burden is upon the defendant to overcome this presumption, and to show, by the greater weight or preponderance of the evidence, that it was not guilty of negligence in any of the respects alleged in the petition." Perhaps the trial court was unfortunate in the use of the word "burden" in this connection; but, in view of the frequent pronouncements of this court, and its oft-repeated use of the expression in a similar connection, the trial court may well be pardoned for having adopted the term. The thing that rested upon the appellant was the "duty" to go forward with its evidence, to the extent of overcoming the presumption of negligence that had arisen under the statute and upon the established facts. If the appellant failed to offer any proof to meet the presumption under the statute that arose upon proof that the fire was set by appellant's engine, the appellee would be entitled to recover. The "duty" rested upon the appellant to overcome this showing, in order to avoid its liability upon the showing made by the appellee. This "duty" has often been referred to by this court and by other courts as a "burden." It has often been called "the burden of proof." Technically, it is "the burden of the evidence." It is not a case of "shifting the burden of proof." The burden rested upon the appellee to establish its case, or fail. The court properly so instructed the jury. When a prima-facie case of negligence on the part of the appellant was made out by proof offered by it and by the statutory presumption which was available to the appellee, then the appellee's case was established, and it was entitled to recover.

Thereupon, the duty, or "burden," rested upon the appellant, to go forward with its proof to overcome the case so made, and to show that it was not guilty of negligence, even though it may have been guilty of causing the fire. It was, of course, likewise available to the appellant to controvert the claim that it caused the fire at all. The criticised instruction might have been amplified, and perhaps more happily and technically worded; but we do not think it contains such an erroneous statement of the rule of law applicable to cases of this kind that it misled the jury, or that we would be justified in reversing the case because of the language in which said instruction is couched.

We find no error in the record requiring interference on our part, and the judgment appealed from is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.