Dock H. GIPSON, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE and City of Des Moines, Appellee.

No. 2–65459.

Court of Appeals of Iowa.

Nov. 24, 1981.

Linda Pettit and Francisco Colon, Jr., Des Moines, Iowa, for appellant.

Joseph L. Bervid, Iowa Dept. of Job Service, Des Moines, Iowa, for appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

JOHNSON, Judge.

Petitioner-claimant, Dock H. Gipson, appeals from district court's judgment on judicial review affirming respondent-agency's decision disqualifying him from receipt of unemployment benefits for the remainder of his benefit year. Claimant asserts that the Iowa Department of Job Service (the agency) has the burden of proving his intent to defraud and the record lacks substantial evidence to support the district court's judgment against him. We remand for further proceedings.

Claimant was employed full time by the City of Des Moines from February 8, 1978, to May 31, 1978, when he was laid off. He applied for and received unemployment compensation. Because of his limited communication skills, he had a friend fill out his claim card for him. Claimant was rehired by the city on August 14, 1978. The bookkeeping system of the city is set up so that a person will not receive a salary check until approximately three weeks after the employee commences employment. During this three week period, claimant continued to send in his claim card for unemployment compensation and continued to receive benefits. On his claim card he marked "no" in response to the question "did you work any during the week claimed?" and listed employers from which he had sought work with no result. He also signed a printed statement that he understood the law prescribed penalties for false statements made in connection with the claim and that he certified the above statements were true and correct to the best of his knowledge and belief. When he received his first paycheck from the city, he stopped sending in his claim cards and his benefits ceased.

The agency initiated an investigation into this matter and issued a decision of the claims deputy on June 4, 1979. The deputy found that the claimant "knowingly made a false statement or failed to disclose a material fact for the purpose of obtaining job insurance payments during the period beginning 08-13-78 through the week ending 09-02-78[,]" and, therefore, found claimant was disqualified from receipt of benefits for

the remainder of his benefit year. After numerous proceedings within the agency which have no bearing on the issues raised on this appeal, the agency affirmed claimant's disqualification.

Thereafter claimant filed a petition for judicial review. On June 10, 1980, the district court issued its ruling affirming the agency's decision. The court concluded that the claimant had the burden of proof in this matter, that the agency's decision was supported by substantial evidence, and that no rights of the petitioner had been violated thereby. This appeal followed.

**I. Scope of Review.** Pursuant to section 17A.20, The Code 1981, our review in this case is limited to a determination of whether the district court made errors of law when it exercised its power of review of the agency's action under section 17A.19. *Jackson County Public Hospital v. PERB*, 280 N.W.2d 426, 429 (Iowa 1979). Section 17A.19 of the Code limits district court's review to a determination of whether the agency committed any errors of law specified in section 17A.19(8). Thus, to determine whether the district court properly exercised its power of judicial review "this court applies the standards of section 17.-19(8) to the agency's action to determine whether this court's conclusions are the same as those of the district court. If the conclusions are the same, affirmance is in order. If they are not, reversal may be required." *Jackson County*, 280 N.W.2d at 429–430. Section 17A.19(8) provides that the district court shall reverse or modify the agency action if such action is affected by error in the application of law or administrative rule (§ 17A.19(8)(a)(b)(c)(e), The Code 1981), or is unsupported by substantial evidence in the record made before the agency when the record is viewed as a whole (§ 17A.19(8)(f), The Code 1981).

**II. Burden of Proof.** Claimant argues that the district court erred in placing the burden of proving he had no intent to defraud upon him. The agency argues that the claimant failed to preserve his error by not arguing it to the district court.

■ **A. Preservation of Error.** Since claimant argues that the district court erred

in its final decision by placing the burden of proof on him, his timely appeal from that decision preserves that error for our review.

■ **B. Placement of the Burden of Proof.** Claimant argues that the agency has the burden to prove the affirmative allegation of fraud. The agency argues that since the claimant has the burden of proving eligibility upon application for benefits, he also has the burden of proving that he is not disqualified from receiving benefits. We disagree with the agency's analysis.

■ Upon an application for unemployment benefits, the burden of proving eligibility for those benefits is upon the individual seeking unemployment compensation. *Walles v. Iowa Employment Security Comm'n.*, 219 N.W.2d 539, 540 (Iowa 1974); *Ritchey v. Iowa Employment Security Comm'n.*, 216 N.W.2d 580, 584 (Iowa 1974); *Moulton v. Iowa Employment Security Comm'n.*, 239 Iowa 1161, 1172, 34 N.W.2d 211, 217 (1948). "While it is true that the 'burden of proof' rests upon him who asserts it, it is also true that, when the party having such burden has made his prima facie case the 'burden', or 'duty', rests upon the opposite party to go forward with his proof to meet the prima facie case so made." *Johnson v. Board of Adjustment*, 239 N.W.2d 873, 885 (Iowa 1976), quoting *Howard & Harper v. Chicago, B. & Q. R. Co.*, 196 Iowa 1378, 1383–84, 195 N.W. 153, 155 (1923). The reasoning behind these principles is that the burden of proof generally rests throughout the proceeding upon the party asserting an affirmative issue. *See Wonder Life Co. v. Liddy*, 207 N.W.2d 27, 31 (Iowa 1973). That affirmative issue in a case of application for unemployment benefits is that the claimant is eligible for those benefits.

In the instant case, however, the affirmative issue is not whether the claimant presently is eligible for benefits, but is whether the claimant is disqualified, because of past acts, for receipt of benefits upon future application within his benefit year. Since it is the agency which proffers this assertion, we believe the agency bears the initial burden.

**III. Substantial Evidence.** Claimant also contends that the record lacks substantial evidence to support the conclusion that claimant, with intent to defraud, knowingly and willfully made a false statement. He asserts that while the information on the card he sent to the agency was false, the agency failed to prove by a preponderance of the evidence that he made such false statements with intent to defraud. Consequently, claimant asks this court to reverse the district court's ruling which affirmed the agency's decision.

We can reverse (or modify) agency action only if such action is unsupported by substantial evidence in the record made before the agency when the record is viewed as a whole. § 17A.19(8)(f), The Code. Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *City of Davenport v. PERB*, 264 N.W.2d 307, 311 (Iowa 1978). In making this determination, we are limited to the record made before the hearing officer. § 17A.19(7). The fact that an agency could draw two inconsistent conclusions from the evidence presented to it does not mean that one of those conclusions is unsupported by substantial evidence. *City of Davenport*, 264 N.W.2d at 311.

Having reviewed the record in its entirety, including the commissioner's findings and conclusions, we conclude that his findings of fact are inconsistent and thus cannot support either a finding for or against the claimant. Moreover, we believe that the agency failed to understand the primary issue to be decided. On appeal, the hearing officer stated: "the primary issue that must be decided by the hearing officer is whether during the three weeks that benefits were claimed the claimant was available for work and therefore eligible for the benefits." However, focusing on section 96.5(8), we disagree. Section 96.5(8) provides:

Causes. An individual shall be disqualified for benefits:

\* \* \* \* \* \*

8. *Administrative Penalty.* If the department finds that, with respect to any week of an insured worker's unemploy-

ment for which such person claims credit or benefits, such person has, within thirty-six calendar months immediately preceding such week, *with intent to defraud* by obtaining any benefits not due under this chapter, willfully and knowingly made a false statement or misrepresentation, or willfully and knowingly failed to disclose in material fact; such person shall be disqualified for the week in which the department makes such determination, and forfeit all benefit rights under the unemployment compensation law for a period of not more than the remaining benefit period as determined by the department according to the circumstances of each case. Any penalties imposed by this subsection shall be in addition to those otherwise prescribed in this chapter. (emphasis added).

Assuming, without deciding, that the claimant willfully and knowingly made a false statement or misrepresentation, or willfully and knowingly failed to disclose a material fact, the primary issue that must be decided by the hearing officer is whether that claimant did so with intent to defraud. In this regard, the agency's findings are inconsistent. First, the agency indicated that the claimant had the requisite intent to defraud when it stated:

There is no getting around the fact that the claimant knew he was working and knew that he was earning wages. He also knew that he could not accept other work, and therefore was falsely holding himself out to the Iowa Department of Job Service as being available for work with other employers. The fact that the claimant had a very limited education does not take away from the fact that he either knew or should have known that he was deceiving the Iowa Department of Job Service by the reports he was making. It was done for the purpose of receiving unemployment benefits. This indicates to the hearing officer that the claimant did intend to defraud the department by receiving benefits not due to him.

However, the hearing officer went on to state that "[the claimant] believed that he

838

was not obligated to report wages until he had actually received the money." This second finding indicates that the claimant did not have the requisite intent to defraud. These inconsistencies make it impossible to decide whether the agency's findings support its determination that the claimant had the intent to defraud. We thus remand this case to the agency for further proceedings.

REVERSED AND REMANDED.