**James W. ENDICOTT,**
**Petitioner-Appellee,**

v.

**IOWA DEPARTMENT OF JOB SER-**
**VICE, Respondent-Appellant.**

No. 84–1023.

Court of Appeals of Iowa.

Feb. 26, 1985.

Joseph L. Bervid, Walter F. Maley, and Blair H. Dewey, of Iowa Dept. of Job Service, Des Moines, for respondent-appellant.

Kim B. Hawekotte of Legal Services, for petitioner-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

SNELL, Judge.

Claimant, James Endicott, was employed by Layne-Western Company, Inc. from November 1979 through February 1983. He was classified as a crew helper and paid $5.70 per hour. Layne-Western is based in Omaha and its employees travel to sites to work. At the time of his termination, Endicott was working in Kearney, Nebraska, approximately three hours from Omaha. Because of the distance from home, Endicott and the other workers would go to Kearney on Monday and stay through the week. Endicott testified that he was given $100.00 for a two-week period to cover motel rooms, meals, and miscellaneous expenses.

On Thursday, Layne officials learned that there was a deadline that had to be met on the Kearney project. The office manager tried to call the field foreman in Kearney to tell him to advise the employees that they would be required to work overtime that weekend in order to meet the deadline. When he could not reach the field foreman, the office manager called a salesperson in the area and had him relay the message. At 8:30 Friday morning, the salesman, Richard Hunter, told Endicott and the other crew helper that they would be required to work straight through the weekend and through the following week. Both Endicott and the other crew helper objected to the short notice.

Endicott testified that he told the foreman that he had no money left to pay for motels, meals, and other living expenses. Additionally, he needed to return home to get clean clothes. Finally, he told the foreman that there was no phone at his home and that he had no means of contacting his wife to tell her that he would not be home. The employer testified that Endicott's father could contact his wife, that the company could advance him additional funds, and that there were laundromats in Kearney where he could wash his clothes.

After Endicott raised his complaints to the crew foreman, the foreman phoned the superintendent. The foreman spoke first to the superintendent. Endicott admitted that he did not express the specific reasons for his refusal to work to the supervisor when he spoke with him, but testified that he assumed that the foreman set forth his complaints. The employer's Personnel Manual states that crew helpers are to direct their questions to the crew foreman who then will inform the field superintendent of any problems the crew helper has. The superintendent testified that when he spoke to Endicott, Endicott said he would not work because his co-worker was receiving five cents more per hour. The superintendent told Endicott that if he refused to work he would have to be replaced. Endicott claims that he was never informed that if he failed to work the weekend he would lose his job.

Endicott completed his shift and returned to Omaha on Friday night. On Monday, when he reported in to the Omaha office, Endicott was informed that he was no longer employed. This was the first notice Endicott received of his termination.

The Employee's Manual states: "Work hours are regulated by the foreman of each crew with an 8 hour day being normal.

Some overtime is allowed, depending upon the job demands."

The Job Service claims deputy denied petitioner's claim for unemployment benefits concluding that he voluntarily quit without due cause attributable to the employer. A hearing was then held on petitioner's appeal and the hearing officer affirmed the determination of the claims deputy. On further appeal, the appeal board affirmed on the basis that petitioner's deliberate refusal of the request to work overtime amounted to misconduct. The petitioner filed a petition for judicial review asserting that the agency decision was contrary to statute and agency rules since petitioner was not guilty of misconduct, and since there was a change of contract for hire. The petitioner also asserted that the agency's decision was not supported by substantial evidence.

The district court reversed the Job Service decision, stating that agency fact findings were binding if supported by substantial evidence and that the burden of proving misconduct was on the employer. The court concluded "that the record as a whole fails to show that petitioner's conduct was of such a nature to be considered misconduct and therefore the appeal board majority is unsupported by substantial evidence and is unreasonable, arbitrary, and capricious."

On appeal, respondent asserts that the district court allegedly applied an incorrect standard of review by combining two standards for judicial review of an agency decision into one standard. Specifically, respondent claims that the court utilized the ground for reversal under Iowa Code section 17A.19(8)(a) for a violation of a statutory provision together with the ground for reversal under Iowa Code section 17A.19(8)(f) for lack of substantial evidence to support the decision. Additionally, respondent claims that the court placed the burden of proof on the employer to establish a question of law.

After reading the trial court's opinion, we conclude that the trial court applied the correct standard of review.

The respondent also asserts that the district court erred in ruling that the petitioner's refusal to work overtime hours did not constitute misconduct disqualifying him from unemployment benefits.

 Our scope of review is limited to the correction of errors in law. We review the decision of the district court, rendered in an appellate capacity, and determine whether the law was correctly applied. *Budding v. Iowa Dept. of Job Service,* 337 N.W.2d 219, 221 (Iowa App.1983). "In order to make that determination, this court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court." *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979). 17A.19(8) sets forth various grounds when the court must reverse agency action including when the agency action is unreasonable, arbitrary, or capricious or when the action is unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole. § 17A.19(8)(f)–(g), Iowa Code, 1983. When determining whether there is substantial evidence, we look to the entire record and not just the hearing officer's report. *Higgins v. Iowa Dept. of Job Service,* 350 N.W.2d 187, 191 (Iowa 1984).

Misconduct is defined as:

*a. Misconduct* is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and sub-

stantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

§ 370.32(96) I.A.C.

In order for an action to be characterized as misconduct there must be a showing that the individual acted in "willful or wanton disregard of an employer's interest" or to show "an intentional and substantial disregard of the employer's interest." The burden is on the employer to prove employee misconduct. § 370.32(4) I.A.C.

The question of whether the refusal to perform specific tasks constitutes misconduct has not been widely discussed by Iowa courts.

In *Woods v. Iowa Department of Job Service,* 327 N.W.2d 768 (Iowa Ct.App. 1982), the court of appeals held that "an employee's failure to perform a specific task may not constitute misconduct if such failure is in good faith or for good cause." *Id.* at 771. In that case, the employee deliberately refused to pick up mail in the treasurer's office because of alleged racial harassment.

In *McLean v. Unemployment Compensation Bd. of Review,* 476 Pa. 617, 383 A.2d 533 (1978), the Pennsylvania Supreme Court interpreted the meaning of willful misconduct under a statute analogous to section 370.32(96) of the Iowa Administrative Code:

Thus, we must evaluate both the reasonableness of the employer's request in light of all the circumstances, and the employee's reasons for noncompliance. The employee's behavior cannot fall within "willful misconduct" if it was justifiable or reasonable under the circumstances, since it cannot then be considered to be in wilful disregard of conduct the employer "has a right to ex-

pect." In other words, if there was "good cause" for the employee's action, it cannot be charged as wilful misconduct.

*Id.* at 620, 383 A.2d 535. In that case, the court held that the refusal to drive a truck that had not been operating properly and the continued refusal to drive such a truck if it was taken to the same shop where it previously had been taken for repairs did not constitute misconduct. The *McLean* case was cited favorably by the North Carolina Court of Appeals in *In re Matter of Cantrell,* 44 N.C.App. 718, 263 S.E.2d 1 (1980), in which the court of appeals held that the claimant's unjustifiable refusal to make a trip which the employer had a right to expect of him constituted misconduct. *Id.* at 722, 263 S.E.2d at 3–4. The court stated:

A claimant's deliberate and unjustifiable refusal to report to work, when the employer has the right to insist on the employee's presence and when the claimant knows that his refusal would cause logistical problems for the employer, constitutes misconduct sufficient to disqualify claimant from receiving benefits.

*Id.* at 723, 263 S.E.2d at 4.

In *Johnson v. Department of Employment Sec.,* 138 Vt. 554, 420 A.2d 106 (1980), cited favorably by the Iowa Court of Appeals in *Budding v. Iowa Dept. of Job Service,* 337 N.W.2d 219, 222 (Iowa Ct.App. 1983), the Vermont Supreme Court found that the employer had proven only that "the employee was balky and argumentative but not that he harbored a willful disregard of the employer's interests." *Id.* at 556, 420 A.2d at 107. The court stated:

The Board found that the claimant occasionally mishandled materials, refused to perform certain tasks, and argued with the foreman and the owner. The Board went on to find, however, that the employer had failed to establish that these acts resulted from anything other than misunderstanding of the job requirements, and an honest concern for the

safety of the motor vehicles claimant was required to operate.

*Id.* at 555, 420 A.2d at 107.

■ After considering the record in this case, we find that the employee's actions constituted misconduct under the terms of section 370.32(96). Although the employee was given short notice of the need to work overtime, we do not feel that the employer's request was unreasonable. By the nature of the work (drilling and pump repair primarily in municipal and industrial water projects), the employee knew there was the possibility that he might be required to work overtime. The employee's manual states that although the normal shift is eight hours, "[s]ome overtime is allowed depending upon the job demands." Although the employee had never worked an entire weekend before, he had worked occasional overtime on Saturdays. We find, therefore, that the employer's request to work overtime was not unreasonable.

Additionally, we find that the employee's refusal to work was unreasonable. Admittedly, the request presented some hardship to the employee; however, the record indicates that the employer made attempts to alleviate these problems. The employer informed the employee that he could receive an advance to help cover the costs of staying through the next week. Although the employee's wife did not have a telephone, the record indicates that he could have called his father. In view of the logistical problems which the employee's refusal presented and the minor hardship which working through the weekend would have caused, we find the employee's refusal to work was unreasonable. Because the employee could not show good cause to justify his refusal to work, we find that such refusal constituted misconduct.

■ We also find that the request to work overtime by the employer did not constitute a substantial change in the contract for hire. The Iowa Administrative Code provides that an employee who quits with good cause attributable to the employer is entitled to unemployment benefits. Among the reasons set forth for a claimant leaving with good cause attributable to the employer is a change in contract of hire:

An employer's willful breach of contract of hire shall not be a disqualifiable issue. This would include any change that would jeopardize the worker's safety, health or morals. The change of contract of hire must be substantial in nature and could involve changes in working hours, shifts, remuneration, location of employment, drastic modification in type of work, etc. Minor changes in a worker's routine on the job would not constitute a change of contract of hire.

§ 370–4.26(96) I.A.C.

We find that in this case the request to work one weekend overtime did not constitute a substantial change in the nature of the contract. The claimant had been requested to work overtime before and the employees' manual stated that some overtime may be allowed. Additionally, we do not believe the request jeopardized the claimant's safety, health, or morals.

After reviewing the record, we conclude that there is substantial evidence to support the agency's findings that the claimant's refusal to work constituted misconduct. We further find that the record does not support the district court's findings that the request to work overtime constituted a substantial change in contract.

The trial court's order is reversed.

REVERSED.

All Judges concur except OXBERGER, C.J., who dissents.

OXBERGER, Chief Judge, (dissenting).

I cannot agree with the majority's conclusions that the actions of the employee constituted misconduct and that there was not a change in the employment contract.

The key question here in determining if the employee is guilty of misconduct is whether the failure to work overtime on the weekend in question was in good faith or for good cause. *Woods v. Iowa Department of Job Service*, 327 N.W.2d 768, 771 (Iowa Ct.App.1982). As the majority notes,

a refusal to report to work must be "deliberate and unjustifiable" in order to disqualify the claimant from unemployment benefits. *In re Matter of Cantrell,* 44 N.C. App. 718, 722, 263 S.E.2d 1, 3–4 (1980). When an employee is merely "balky and argumentative" his actions do not constitute misconduct. *Johnson v. Department of Employment Sec.,* 138 Vt. 554, 420 A.2d 106 (1980).

Given the fact situation here, I believe the employee's conduct can be described as argumentative at best, but did not reflect willful disregard for the employer's interests. He was told to report concerns about his job to the crew foreman. The claimant did not report to work, believing that the foreman had explained the problems to the employer. Endicott was never told that he would be fired if he did not report to work for the weekend. The record shows his failure to report for work was not misconduct.

Further, I agree with the trial court that the actions of the employer constituted a change in the employment contract and cannot result in disqualification of the employee to benefits. Iowa Admin.Code § 370–4.26(1). As indicated in the Administrative Code, a substantial change includes changes in hours. *Id.*

In the three years that Endicott worked for his employer, he had never been asked to work a full week and also work a weekend. The original contract indicated Endicott would work an eight-hour day, Monday through Friday, and *"some* overtime is *allowed"* (emphasis added).

As the cases cited by the majority reveal, refusal to work occasional reasonable hours could constitute misconduct, but requiring the employee to work overtime with three to four hours notice, when the employee had never been required to work such hours in the three years the contract was in force, and where the contract only states "some" overtime hours are "allowed" (not required), there has been a substantial change in the contract and the employee's refusal to comply does not found a basis to deny benefits.

I agree with the trial court the board's decision is not supported by substantial evidence, and is contrary to statute and agency rules.