Danny P. BOYD, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SER-
VICE and Contract Services
Limited, Respondent-Appellee.

No. 84–1748.

Court of Appeals of Iowa.

Sept. 24, 1985.

James F. Elliott of Legal Services Corp.,
Des Moines, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey, Joseph
L. Bervid, and Deborah A. Dubik of Iowa
Dept. of Job Service, Des Moines, for re-
spondent-appellee Iowa Dept. of Job Ser-
vice.

Considered by OXBERGER, C.J., and
SNELL and SACKETT, JJ.

SNELL, Judge.

Danny Boyd worked for Contract Servic-
es from March of 1983 until his termination
on September 21, 1983. He was employed
by Contract Services as a full-time vat
washer earning $4.50 per hour.

On September 21, 1983, Boyd washed
fewer vats than normal for his eight-hour
shift. His supervisor requested that Boyd
work beyond his shift in order to finish
washing the vats assigned to him. Boyd
left work at the end of his shift. Boyd
returned to work on September 22 and was
told that he was no longer employed.

Boyd testified at the Job Service hearing
that he left at the end of his shift because
he had not been paid in the past for work-
ing overtime. He also testified that he had
things to do at home.

The manager of Contract Services, Gary
Wallace, testified that Boyd was told that if
he did not finish washing the vats his job
would be terminated. He also testified
that Boyd was always paid for his over-
time. However, Wallace also stated that
an employee does not get overtime pay
"[I]f he creates overtime because of negli-
gence of his own work and because he does
not complete the job."

Boyd's claim for unemployment benefits
was denied by the hearing officer on the
ground that Boyd voluntarily terminated
his employment without good cause attrib-
utable to the employer when he did not
perform the requested work. The appeal
board affirmed the decision of the hearing
officer with one dissenting opinion.

Boyd filed a petition for judicial review.
The trial court affirmed the decision of Job
Service by concluding that substantial evi-
dence supported the agency action.

On appeal, Boyd asserts that the Job
Service decision is not supported by sub-
stantial evidence. He argues that his re-
fusal to work overtime when he reasonably
believed he would not receive overtime pay

constituted an illegal work condition and not a voluntary quit.

Our scope of review in cases arising out of the Iowa Administrative Procedure Act is limited to the correction of errors in law. *Budding v. Iowa Dept. of Job Service,* 337 N.W.2d 219, 221 (Iowa Ct.App.1983). We review the decision of the district court, also rendered in an appellate capacity, and determine whether the district court correctly applied the law. *Endicott v. Iowa Dept. of Job Service,* 367 N.W.2d 300, 302 (Iowa Ct.App.1984). "In order to make that determination, this court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court." *Jackson County Public Hospital v. Public Employment Relations Bd.,* 280 N.W.2d 426, 429–30 (Iowa 1979). Iowa Code section 17A.19(8)(f) (1985) provides that in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole. Evidence is substantial when a reasonable person would accept it as adequate to reach a conclusion. *Gipson v. Iowa Dept. of Job Service,* 315 N.W.2d 834, 837 (Iowa Ct.App. 1981). The question is not whether the evidence might support a different finding, but whether the evidence supports the findings actually made. *Ward v. Iowa Dept. of Transportation,* 304 N.W.2d 236, 237–38 (Iowa 1981). In making this determination, we are limited to the record made before the hearing officer. *Gipson,* 315 N.W.2d at 837. The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

Iowa Code section 96.5(1) (1985) provides that an individual is disqualified for unemployment benefits if Job Service finds that the individual has left work voluntarily without good cause attributable to the individual's employer.

The Iowa Administrative Code defines "voluntary quit without good cause" as:

[D]iscontinuing the employment because the employee no longer desires to remain in the relationship of an employee with the employer from whom the employee has separated. The burden of proof establishing the separation as a voluntary leaving of employment without good cause attributable to the employer shall be the responsibility of the employer with whom the separation occurred. The following reasons for a voluntary quit shall be presumed to be without good cause attributable to the employer:

4.25(27) The claimant left rather than perform the assigned work as instructed.

370 Iowa Administrative Code § 4.25(96).

Boyd was told that if he did not finish washing his required number of vats, he would be discharged. Boyd refused to complete his assigned work and left at the end of his regular shift without washing all of his vats. After reviewing the record in its entirety, we conclude that there is substantial evidence supporting Job Service's denial of unemployment benefits.

AFFIRMED.

SACKETT, J., concurs.

OXBERGER, C.J., dissents.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent.

The claimant did not work overtime because he had not been paid in the past for overtime work. At the Job Service hearing, the employer's representative, manager Gary Wallace, claimed that Boyd had been paid for overtime in the past, and the time cards would confirm this. However, the time cards were never produced at the hearing or during any part of the appeal despite the claimant's repeated requests for the cards. Boyd was not represented by an attorney during the proceedings and was never granted his demand the time cards be produced. Instead he presented a pay stub to show he had not been paid for overtime on one occasion. In addition, Wallace made the following written state-

ment prior to the hearing in which he admits Boyd had not been paid for overtime in the past:

> I would like to add the times Dan was not receiving pay for overtime because he hadn't earned it. The job were done in 8 hours. He didn't have any maintmen (sic) slowing him up so he wasn't entitled to it.

The claimant explained that on the evening in question he was assigned duties in addition to cleaning vats, and could not clean as many as he otherwise might have been able to.

I believe this case cannot be decided without the production of the time cards. I would remand to the Commission so an order may be made that the cards be produced.