Kenneth L. ROSS, Petitioner-Appellant,

v.

**IOWA STATE PENITENTIARY and Iowa Department of Job Service, Respondent-Appellees.**

No. 84–1659.

Court of Appeals of Iowa.

Sept. 24, 1985.

Lois Cox, Iowa City, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey, and Joseph L. Bervid, Iowa Dept. of Job Service, Des Moines, for respondent-appellees Iowa Dept. of Job Service.

Heard by DONIELSON, P.J., and SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

Petitioner appeals from a denial of unemployment benefits on the ground of misconduct. He asserts that the agency erred in determining that his refusal to answer questions during the employer's investigative interview constituted misconduct. It is further claimed that the agency erred in allegedly basing its determination on the conclusion that petitioner had engaged in drug use. We affirm.

Kenneth Ross was employed as a correctional officer by the Iowa State Penitentiary from July 1980 until his discharge in February 1983. In January 1983, two employees of the penitentiary began an investigation into the drug involvement of several employees. As part of this investigation, Ross was questioned concerning his alleged involvement with drugs and any knowledge he had of other employees using drugs. Ross refused to answer, reasoning that he believed it would impair his relationship with other employees and jeopardize his safety. Ross was advised that his refusal to testify was a violation of employer rule 46, which provides:

> Employees must report to their supervisor any employee, including themselves, who violates any law or rule at anytime which affects the security, reputation or well-being of the Iowa State Penitentiary. Employees will report known violations. Any employee who observes or has knowledge of a violation of any regulation and who willfully or through negligence fails to report the offense to a responsible superior is in violation of this rule.

Ross responded that his comments concerning off-duty activities of fellow officers would not promote the security and well-being of the prison or enhance "the reputation with the community of officers."

As a result of his failure to comply with Rule 46, Ross was "locked out" of the prison pending further investigation. On February 25, 1985, he was given a disciplinary hearing and discharged for violation of the rule.

Ross's subsequent application for unemployment benefits was denied by the Iowa Department of Job Service. The agency determined that noncompliance with rule 46 constituted misconduct and Ross was thus disqualified from receiving benefits. The agency decision was affirmed upon judicial review and Ross has appealed.

**I.**

■ Pursuant to the Iowa Administrative Procedure Act, our review is limited to a correction of errors of law. *Foods, Inc. v. Iowa Civil Rights Commission*, 318 N.W.2d 162, 165 (Iowa 1982). In reaching our determination, we apply the standards set forth in section 17A.19(8) to the agency action and determine whether our conclusions are the same as the district court's. *Gipson v. Iowa Dept. of Job Service*, 315 N.W.2d 834, 836 (Iowa Ct.App.1981).

■ Where the facts are disputed, we will adopt the factual determinations made by the agency as long as they are supported by substantial evidence. *Temple v. Vermeer Mfg. Co.*, 285 N.W.2d 157, 160 (Iowa 1979). Where the facts are undisputed, however, the question becomes one of law. *Green v. Iowa Dept. of Job Service*, 299 N.W.2d 651, 655 (Iowa 1980). We are limited to the record before the hearing officer in making this determination. *Id.*

## II.

Iowa Code section 96.5(2) provides that a claimant is disqualified from unemployment benefits "[i]f the department finds that the individual has been discharged for misconduct in connection with the individual's employment." Ross claims on appeal that his failure to comply with employer rule 46 does not constitute misconduct as that term is contemplated by section 96.-5(2).

Misconduct is defined by 370 Iowa Administrative Code § 4.32(1)(a) as:

> [A] deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

*See also Huntoon v. Iowa Dept. of Job Service,* 275 N.W.2d 445, 447–48 (Iowa), *cert. denied,* 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979).

In the present case, Ross claims his refusal to cooperate with the investigation was prompted by his concern for his own safety and that of his co-workers. He argues that since his refusal was for good cause it does not constitute misconduct. Ross cites to *Woods v. Iowa Dept. of Job Service,* 327 N.W.2d 768, 771 (Iowa Ct.App.

1982), in support of this contention. Upon analysis of this case, we conclude that this reliance was misplaced and benefits were appropriately denied.

In *Woods,* the claimant was discharged for failure to deliver mail to a specified office. *Id.* at 770. The claimant admitted that this was a deliberate act, but stated that it was justified because she had been subjected to racial harassment on the day in question. *Id.* The court of appeals remanded the case for further fact-finding, reasoning that the "conduct of co-employees toward another can be such as to justify the others' refusal to perform certain tasks."

In contrast to *Woods,* Ross's reasons for noncompliance were, for the most part, speculative in nature. There is no indication in the record that he had been harassed or threatened by other employees. His only concern was that his testimony *might* decrease his fellow employees' trust in him, and thus jeopardize the safety of all employees. We are unwilling to characterize this as good cause.

Ross was employed as a correctional officer and could reasonably be expected to maintain the highest standard of conduct and effectively carry out his responsibilities. By the very nature of the employment setting, it would be necessary to require strict compliance with rules and regulations. Employer rule 46 specifically requires employees to report conduct which would "affect the security, reputation, or well-being of the Iowa State Penitentiary." It is obvious to this court that compliance with this rule is necessary to the functioning of the prison system. As such, the prison's interest in compliance with the rule must be viewed as outweighing any speculative concerns about safety voiced by Ross.

The claimant in this case was aware of employer rule 46; he was also put on notice that his failure to testify violated the rule. His persistent refusal to discuss his knowledge of drug activities can only be characterized as a willful and deliberate

refusal to maintain the standard of conduct required by his position. Accordingly, we hold that a finding of misconduct was appropriate.

### III.

Ross also disputes the agency's finding that he had been involved in drug use with other employees. He claims that the finding was based upon speculation rather than substantial evidence.

We are inclined to agree with the district court's conclusion that this issue is of no consequence. Ross's failure to cooperate with investigative officers in and of itself constituted misconduct. A denial of benefits is appropriate irrespective of the agency's finding of drug use.

The decision of the district court is affirmed.

AFFIRMED.

DONIELSON, P.J., concurs.

SCHLEGEL, J., dissents.

SCHLEGEL, Judge, (dissenting).

I respectfully dissent. As in *Woods v. Job Service*, 327 N.W.2d 768 (Iowa App. 1982), there was ample justification for claimant's action. His refusal to answer was not even an unequivocal violation of Rule 46, although his employer so interpreted it. Assuming it was a violation of that rule, his concern for his own safety apparently motivated his refusal. Such a refusal is not misconduct. *Woods v. Job Service, supra,* is appropriate authority for this determination. The refusal to answer may well be grounds for dismissal, but it is not misconduct.