**Donnette PIERCE, Petitioner–Appellant,**

**v.**

**IOWA DEPARTMENT OF JOB SERVICE n/k/a Employment Appeal Board, and Menard, Inc., Respondents–Appellees.**

**No. 87–533.**

Court of Appeals of Iowa.

April 20, 1988.

Joe Sevcik and Michael A. Keeney, Legal Services Corp. of Iowa, for petitioner-appellant.

Blair H. Dewey and William C. Whitten, Employment Appeal Bd., for respondents-appellees.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

OXBERGER, Chief Judge.

Donnette Pierce is appealing the district court ruling affirming the agency decision which denied her unemployment benefits because she was terminated from her employment for misconduct. She asserts: (1) there was insufficient evidence to support the agency finding that her refusal to work beyond her regular shift was misconduct; (2) she did not engage in misconduct as a matter of law; and (3) as a matter of law, hearsay cannot constitute substantial evidence and support a finding that the employer has carried its burden of proof. We reverse and remand.

We find these facts to be supported by substantial evidence. Donnette Pierce was employed as a sales clerk by Menards, Inc. On Friday, May 24, 1985, Pierce and other

employees were told they would have a cleanup shift from 6 p.m. to midnight on Sunday, May 26. Employees with conflicts were excused. Pierce did not make arrangements to be excused and failed to report for the shift. According to the employer, Pierce was told failure to report again could lead to suspension or termination.

On December 4, 1985, Pierce was scheduled to work until 4:30 p.m. At 4:25, her supervisor told her that she and the other employees would have to stay to unload and stock a truckload of merchandise. Pierce protested that she had plans for leaving town and that she could not stay. Her supervisor commented that if the work would have been done sooner, no one would have to stay. He then left for his dinner break. Pierce punched out at 4:30 and went home. Her supervisor called her and told her she was terminated.

The issue now becomes whether these facts support a finding of misconduct. We find they do not and reverse on this issue.

■ What constitutes misconduct justifying termination of an employee, and what is misconduct which warrants denial of unemployment benefits are two separate decisions. *Newman v. Iowa Department of Job Service*, 351 N.W.2d 806, 808 (Iowa App.1984). Misconduct for administrative law purposes is defined in our Code as:

[A] deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, un-

satisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith error in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

345 Iowa Admin.Code § 4.32(1)(a).

In order for an action to be characterized as misconduct there must be a showing that the individual acted in "willful or wanton disregard of an employer's interest," or to show "an intentional and substantial disregard of the employer's interest." The burden is on the employer to prove employee misconduct.

■ Willful misconduct can be established where an employee manifests an intent to disobey the reasonable instructions of his employer. *Myers v. Iowa Dept. of Job Service*, 373 N.W.2d 507, 510 (Iowa App.1985). However, "an employee's failure to perform a specific task may not constitute misconduct if such failure is in good faith or for good cause." *Woods v. Iowa Dept. of Job Service*, 327 N.W.2d 768, 771 (Iowa App.1982).

■ After considering the record in this case, we conclude Pierce's actions did not constitute misconduct under the terms of section 4.32(1)(a). Pierce was only given five minutes notice of the need to work overtime. She tried to explain her conflict to her supervisor, but her explanation was ignored. Although she had been asked to work overtime on a prior occasion, she had never been asked to work overtime after an afternoon shift, and never with only five minutes notice. She was also not allowed to explain her reasons for wanting to be excused, although employees with conflicts had been excused in the past.

We find this case to be different from *Endicott v. Iowa Dep't of Job Service*, 367 N.W.2d 300 (Iowa App.1985). In *Endicott*, an employee's refusal to work overtime was found to be misconduct because, although the request was unusual, the employer made attempts to alleviate the hardships caused by the request. *Id.* at 304.

The case is not controlling in this instance because Endicott's employer gave several hours notice and made attempts to alleviate problems. In this case only five minutes notice was given and no attempt was made to excuse employees who had conflicts, even though this was done in the past. Although we do not find the employer's request to work overtime unreasonable, we do find the giving of five minutes notice unreasonable and conclude Pierce's refusal to work overtime was for good cause. The employer has not shown Pierce's action justifies a denial of benefits.

We reverse and remand to Job Service for the determination of benefits.

REVERSED AND REMANDED.